[No. 6088-8-III.   Division Three.   October 11, 1983.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CHRISTOPHER DEAN BROWN, *Petitioner.*

*Christopher Dean Brown,* pro se.

*Donald C. Brockett, Prosecuting Attorney,* for respondent.

PER CURIAM.—This writ of habeas corpus was transferred to this court by an order of the Superior Court because it believed it did not have jurisdiction. We hold the superior court is vested with the necessary power to determine the petition; therefore, we vacate the order and return the writ to the superior court.

Christopher Dean Brown filed the writ in Spokane County Superior Court on March 30, 1983, challenging a 1968 grand larceny conviction based upon his guilty plea. He contends the conviction should be vacated because (1) there was an insufficient factual basis to support the plea; (2) the information did not charge an offense; and (3) he was not allowed to address the court before sentence was imposed.

About September 6, 1983, the State moved for an order directing the county clerk to transfer the petition to this court. Having found "There is good cause to grant this motion in that the Superior Court does not have jurisdiction over this matter", the Superior Court granted the motion and transferred the petition to this court.

Pursuant to article 4, section 6 of the Washington State Constitution:

[Superior] courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and *writs of habeas corpus, on petition*

*by or on behalf of any person in actual custody in their respective counties.*

(Italics ours.)

█ Prior to the adoption of the Rules of Appellate Procedure, the Supreme Court and Court of Appeals also had such power. *See* Const. art. 4, § 4;[1] Const. art. 4, § 30(2) (amend. 50);[2] RCW 7.36.040.[3] The adoption of RAP 16.3 through 16.15 superseded the writ procedure formerly available in the appellate courts, but did not alter the jurisdiction of the superior court in habeas corpus proceedings. RAP 16.3(b).

Therefore, the Superior Court erred in concluding it did not have jurisdiction to determine Mr. Brown's petition. The order transferring the petition to this court is vacated and the matter is remanded to the Superior Court for proceedings consistent with the constitution, statutes and court rules.

---

[1]Const. art. 4, § 4:

"Jurisdiction. The supreme court shall have original jurisdiction in habeas corpus . . . The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. Each of the judges shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself, or before the supreme court, or before any superior court of the state or any judge thereof."

[2]Const. art. 4, § 30(2) (amend. 50):

"(2) *Jurisdiction.* The jurisdiction of the court of appeals shall be as provided by statute or by rules authorized by statute."

[3]RCW 7.36.040:

"Who may grant writ. Writs of habeas corpus may be granted by the supreme court, the court of appeals, or superior court, or by any judge of such courts, and upon application the writ shall be granted without delay."