[No. 15729-9-I.  Division One.  March 25, 1987.]

GARY WAYNE TOLIVER, *Appellant,* v. H. DEAN OLSEN, ET AL, *Respondents.*

*Terrence Kellogg,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Celeste Stokes, Deputy; Kenneth O. Eikenberry, Attorney General,* and *Michael P. Lynch, Assistant,* for respondents.

SWANSON, J.—Gary Wayne Toliver appeals the denial of his petition for a writ of habeas corpus and the subsequent denial of his motion for reconsideration. Toliver contends his 1975 guilty pleas to robbery and first degree burglary charges were constitutionally invalid because he was not informed of the nature of the charges against him and of his right to remain silent and because the factual basis was insufficient to support the pleas.

In 1975 Toliver was charged by amended information with robbery, first degree burglary, and violation of the uniform firearms act. On August 13, 1975, he pleaded guilty to the robbery and burglary charges in exchange for the deletion of firearm and deadly weapon allegations, dismissal of the firearms charge, and a recommendation of concurrent sentences. He was subsequently sentenced to maximum concurrent sentences of 20 years.

Toliver was released on parole in 1978. On June 28, 1984, while incarcerated for an alleged parole violation, Toliver filed a petition for writ of habeas corpus. *See* RCW 7.36. Among other things, Toliver alleged that his 1975 guilty pleas were invalid. Toliver's parole was subsequently reinstated.

Shortly before the hearing on his petition, which was set for August 31, 1984, Toliver was arrested on new felony charges. Toliver's presence at the August 31, 1984 habeas corpus hearing was waived by his counsel, and both sides presented argument. In addition, the trial court considered the inquiry transcript of the 1975 guilty pleas, the amended information, and the statement of defendant on plea of

guilty. By order entered September 26, 1984, the trial court denied Toliver's petition, finding that Toliver's 1975 pleas had been free and voluntary, that he had been aware of his right to remain silent, that he had been apprised of the nature of the charges against him, and that a sufficient factual basis supported the pleas. Toliver's motion for reconsideration was denied on November 5, 1984.

Although we uphold the trial court's decision on the merits, we also affirm on an alternative ground. *See State v. Armstead,* 40 Wn. App. 448, 698 P.2d 1102 (1985). Toliver's habeas corpus petition attacking the constitutional validity of his prior guilty pleas constituted a collateral attack on the 1975 convictions. Such postconviction relief now falls within the scope of a personal restraint petition (PRP). *See* RAP 16.3–16.15. Because Toliver did not pursue this avenue of relief before filing his petition for writ of habeas corpus, the petition should have been dismissed for failure to exhaust other available remedies.

Generally, postconviction relief by means of habeas corpus is not available when a convicted offender has another adequate remedy at law. *Holt v. Morris,* 84 Wn.2d 841, 846, 529 P.2d 1081 (1974), *overruled in part on other grounds in Wright v. Morris,* 85 Wn.2d 899, 540 P.2d 893 (1975); *cf. State v. Kolocotronis,* 34 Wn. App. 613, 663 P.2d 1360, *review denied,* 100 Wn.2d 1014 (1983); *see generally* 39 Am. Jur. 2d *Habeas Corpus* § 18 (1968 & Supp. 1986) and cases cited therein. While there are exceptions to the rule, they do not apply to the instant case. *Cf.* 28 U.S.C. § 2254(b) (1977) (requiring applicant for relief under federal habeas corpus statute to exhaust state remedies); 28 U.S.C. § 2255 (motions to vacate, set aside, or correct sentence).

The PRP supersedes the appellate procedure formerly available for a petition for writ of habeas corpus and for an application for postconviction relief. RAP 16.3(b); *see also* former ROA I–56, 76 Wn.2d lxxiv (1969); former CAROA 56, 76 Wn.2d cl (1969); former CrR 7.7. The new procedure is similar in many respects to that provided under former CrR 7.7. See Comment, RAP 16.3. The appellate procedure

for postconviction relief has not altered jurisdiction of the superior court in habeas corpus proceedings. *In re Brown,* 35 Wn. App. 852, 854, 670 P.2d 673 (1983); RAP 16.3(b).

The evolution of postconviction relief in this state was summarized in *In re Hagler,* 97 Wn.2d 818, 823, 650 P.2d 1103 (1982):

> Personal restraint procedure has its origins in the State's habeas corpus remedy, guaranteed by article 4, section 4 of the state constitution. Prior to 1947, decisional law limited postconviction relief by petition for writ of habeas corpus to cases where the judgment and sentence could be said to be void on their face. But in 1947 the Legislature amended RCW 7.36.130(1) in an attempt to expand postconviction relief. This resulted in the development on a case–by–case basis of a somewhat haphazard habeas corpus procedure. In an effort to achieve a unified, systematic and expeditious procedure for postconviction relief, this court promulgated CrR 7.7, effective July 1973. Three years later, the rule was reformulated in RAP 16.3–16.15 to provide for postconviction relief by personal restraint petition.

(Citation omitted.) As this recital indicates, the PRP and its predecessor, former CrR 7.7, were intended, among other things, to replace and broaden the scope of postconviction relief previously available under habeas corpus law:[1]

> We are convinced that with the adoption of CrR 7.7 the preexisting, somewhat haphazard habeas corpus procedure which had developed essentially on a case–to–case basis has now been replaced by a sound, more expeditious, single, comprehensive system for post–conviction review designed to avoid technicalities and delay and to focus attention promptly and directly on the merits or

---

[1]Section 1 of the Uniform Post–Conviction Procedure Act, which has been adopted in several states, provides that the procedures of the act are to be used exclusively in place of "all other common law, statutory, or other remedies available before the effective date of this Act for collaterally challenging the validity of the judgment of conviction or sentence." 11 U.L.A. 205 (Supp. 1986). *See also* 4 American Bar Ass'n, *Standards for Criminal Justice,* Std. 22–1.1 (2d ed. 1982) (single, comprehensive postconviction remedy should take primacy over any existing procedure or process for determination of such claims").

lack of merits presented in petitions for post–conviction relief.

*Holt,* at 844–45; *compare* RAP 16.4 ("Personal Restraint Petition—Grounds for Remedy") *with* RCW 7.36.130 ("Limitation upon inquiry"). Consequently, Toliver should have sought relief by means of a PRP before filing a petition for writ of habeas corpus.[2]

Our Supreme Court reached a similar conclusion in a case decided under former CrR 7.7. In *Holt v. Morris, supra,* the petitioner filed a petition for writ of habeas corpus in the Supreme Court, raising, among others, claims similar to those made by Toliver. The court dismissed the application, concluding that similar petitions in the future should be processed in accordance with the postconviction procedures provided under former CrR 7.7. In dismissing the petition, the court rejected the argument that former CrR 7.7 was merely supplementary to preexisting habeas corpus procedures and could not deprive a convicted offender of the right to file for an original writ of habeas corpus in the Supreme Court. *Holt,* at 845. We are persuaded that the *Holt* analysis is equally applicable to PRP procedures and requires a similar conclusion in the instant case.[3]

---

[2]RAP 16.4(d) provides that relief by PRP will be granted only "if other remedies which may be available to petitioner are inadequate under the circumstances." This exhaustion provision does not require a petitioner seeking postconviction relief to file a petition for writ of habeas corpus prior to seeking relief under RAP 16.3. As the "somewhat haphazard" history of postconviction relief in this state makes evident, the current PRP procedures, as well as procedures under former CrR 7.7, were intended to supplant and expand upon the postconviction relief formerly available by writ of habeas corpus. *Cf. Holt v. Morris, supra* at 848–49. Consequently, a petition for writ of habeas corpus is not one of the "other remedies" contemplated by RAP 16.4(d).

[3]We do not imply that a habeas corpus petition must always be preceded by a PRP. Habeas may be the appropriate procedure, for example, when the petitioner can demonstrate that the remedy afforded by a PRP, although generally encompassing the type of postconviction relief sought, is inadequate.

The remainder of this opinion, having no precedential value, will be filed for public record in accordance with the rules governing unpublished opinions. *See* RCW 2.06.040.

SCHOLFIELD, C.J., and WEBSTER, J., concur.

Review granted by Supreme Court June 2, 1987.