[No. 53871-9. En Banc. December 10, 1987.]

GARY WAYNE TOLIVER, *Petitioner,* v. H. DEAN OLSEN, ET AL, *Respondents.*

*Terrence Kellogg,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Celeste Stokes* and *Sally Stanfield, Deputies; Kenneth O. Eikenberry, Attorney General,* and *Michael Lynch, Assistant,* for respondents.

*Neil M. Fox* on behalf of Washington Appellate Defender Association, *Robert Stalker* on behalf of Evergreen Legal Services, and *John Midgley,* amici curiae for petitioner.

ANDERSEN, J.—

### FACTS OF CASE

Of concern here is the availability in the superior court of the Great Writ of antiquity, habeas corpus, for postconviction relief.

The facts are fully set forth in the Court of Appeals opinion in this case.[1] In summary, the defendant pleaded guilty to several felony counts, was convicted and sentenced thereon and then was ultimately released on parole. While on parole, he was again arrested and incarcerated, this time for a parole violation. He petitioned the superior court of the county in which he was detained for a writ of habeas corpus alleging, among other things, that his earlier guilty pleas were not constitutionally valid. At a hearing, the superior court found that the guilty pleas were valid and denied the petition.

On appeal, the Court of Appeals upheld the superior court's determination on the merits of the petition.[2] The Court of Appeals went on, however, and as an alternative ground of decision held that the defendant's failure to first

---

[1] *Toliver v. Olsen,* 47 Wn. App. 304, 734 P.2d 937 (1987).

[2] This section of the Court of Appeals opinion was filed for public record in this cause but was not published.

seek relief by personal restraint petition[3] precluded consideration of his habeas corpus petition by the superior court.[4] We granted discretionary review of this alternative ground of decision.

One issue is presented.

## ISSUE

Before a prisoner can seek postconviction review by a writ of habeas corpus in the superior court, must the prisoner first bring a personal restraint petition proceeding?

## DECISION

CONCLUSION. The answer to the question posed by this issue is "no". The Supreme Court, Court of Appeals and superior court have concurrent jurisdiction in habeas corpus proceedings wherein postconviction relief is sought. If a habeas corpus petition is filed in such a case in the superior court of the county in which the petitioner is incarcerated, that court may itself handle and determine the matter. The superior court, however, may transfer the proceeding to the Court of Appeals for consideration as a personal restraint petition if the superior court, in the exercise of its informed discretion, determines that the ends of justice will best be served by such a transfer.

As generally used, "habeas corpus" refers to habeas corpus ad subjiciendum, which is a writ issued pursuant to a petition or application directed to an officer or other person who is detaining another, and requiring that such person make a return thereon.[5] Although dealt with in both state[6]

---

[3]RAP 16.3–16.15.

[4]*Toliver v. Olsen, supra.* The portion of the opinion here referred to was published. In it, the Court of Appeals also acknowledged in footnote 3, however, that habeas corpus may be appropriate where a personal restraint petition is otherwise inadequate. *Toliver,* at 308.

[5]39 Am. Jur. 2d *Habeas Corpus* § 1, at 179 (1968); *In re Grieve,* 22 Wn.2d 902, 158 P.2d 73 (1945).

[6]RCW 7.36.

and federal[7] statutes, this prerogative writ is antecedent to statute and is recognized in both the United States Constitution[8] and our state constitution.[9] "Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."[10]

In providing for the jurisdiction of the superior court, our state constitution declares that such "courts and their judges shall have power to issue . . . writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties." Const. art. 4, § 6 (amend. 65) (part). The defendant argues that to the extent the Court of Appeals opinion requires one petitioning for a writ of habeas corpus in a postconviction relief case to first seek relief by personal restraint petition in the appellate courts, it improperly divests the superior court of its constitutional habeas corpus jurisdiction. We agree.

Postconviction review is now a well established part of this state's criminal process.[11] Our postconviction relief rules, RAP 16.3–16.15, were adopted in order to provide a "single unitary postconviction remedy".[12] As the rules themselves explain:

> **(a) Habeas Corpus and Postconviction Relief.** Rules 16.3 through 16.15 establish a single procedure for

---

[7]28 U.S.C. §§ 2241–2255 (1982).

[8]U.S. Const. art. 1, § 9.

[9]Const. art. 4, § 4; Const. art. 4, § 6 (amend. 65). *See Fay v. Noia*, 372 U.S. 391, 400, 9 L. Ed. 2d 837, 83 S. Ct. 822 (1963).

[10]*Walker v. Wainwright*, 390 U.S. 335, 336, 19 L. Ed. 2d 1215, 88 S. Ct. 962, *reh'g denied*, 390 U.S. 1036 (1968); *see Pettit v. Rhay*, 62 Wn.2d 515, 518, 383 P.2d 889 (1963); *Thomas v. Rhay*, 2 Wn. App. 843, 844, 472 P.2d 606 (1970).

[11]*Holt v. Morris*, 84 Wn.2d 841, 845, 529 P.2d 1081 (1974), *overruled in part on other grounds in Wright v. Morris*, 85 Wn.2d 899, 540 P.2d 893 (1975).

[12]*See Holt*, at 843–45; 3 L. Orland, Wash. Prac., *Rules Practice* §§ 4161–4164 (3d ed. 1978).

original proceedings in the appellate court to obtain relief formerly available by a petition for writ of habeas corpus or by an application for postconviction relief.

**(b) Former Procedure Superseded.** The procedure established by rules 16.3 through 16.15 for a personal restraint petition supersedes the appellate procedure formerly available for a petition for writ of habeas corpus and for an application for postconviction relief, unless one of these rules specifically indicates to the contrary. These rules do not supersede and do not apply to habeas corpus proceedings initiated in the superior court.

**(c) Original Appellate Court Jurisdiction.** The Supreme Court and the Court of Appeals have original concurrent jurisdiction in personal restraint petition proceedings. The Supreme Court will ordinarily exercise its jurisdiction by transferring the petition to the Court of Appeals.

RAP 16.3.

■ These rules established a single procedure for postconviction relief in the *appellate courts* termed a personal restraint petition and provide an expanded habeas corpus remedy in those courts. Among other things, those rules provide that where there are factual disputes, the Court of Appeals will decide such petitions only after first referring the factual disputes to the trial court for determination.[13] Then, out of deference to the fact that habeas corpus is a constitutional writ, the rule just quoted specifically declares that the personal restraint petition rules "do *not* apply to habeas corpus proceedings initiated *in the superior court.*" (Italics ours.)[14]

Thus, the personal restraint rules do not affect the habeas corpus jurisdiction of superior courts, even in postconviction review cases such as this one.[15]

It seems obvious that the concern of the Court of

[13]RAP 16.11(b), 16.12, 16.13; *see* Comment, RAP 16.3, 86 Wn.2d 1242 (1977).

[14]RAP 16.3(b) (part).

[15]*See In re Brown*, 35 Wn. App. 852, 854, 670 P.2d 673 (1983).

Appeals, in its decision herein reviewed, was to maintain an orderly procedure for handling the considerable volume and variety of requests for postconviction relief now being filed in the state court system. We share this concern and agree with the need for a sound, expeditious, comprehensive system for postconviction review.[16] We believe, however, that such a system can be maintained without affecting the integrity of superior court habeas corpus jurisdiction.

The problem arises when pertinent evidence and witnesses relating to arrest, trial, incarceration, etc., may be in different counties throughout the state and not reasonably accessible in the county where the prisoner is in custody and files his or her habeas corpus petition.

In the federal system this problem is taken care of by statute. There, the district courts for the place of confinement and the place of conviction have concurrent habeas corpus jurisdiction and the court in which the petition is filed may, in its discretion, transfer the petition to the other district for hearing and determination if this is in furtherance of justice.[17] A similar procedural provision exists under our superior court criminal rules in vacation of judgment cases:

> The court may deny the motion without a hearing if the facts alleged in the affidavits do not establish grounds for relief. The court may transfer a motion to the Court of Appeals for consideration as a personal restraint petition if such transfer would serve the ends of justice. Otherwise, the court shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.

CrR 7.8(c)(2).

We believe that this rule applies to habeas corpus petitions filed in the superior court which seek postconviction

---

[16]*See Holt*, at 844–45.

[17]28 U.S.C. § 2241(d) (1982); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 4268, at 697 (1978).

relief, if not directly then by analogy. The Supreme Court, Court of Appeals and superior court have concurrent original jurisdiction of habeas corpus proceedings seeking postconviction relief.[18] In the *appellate courts,* the proceeding is now denominated a "personal restraint petition" and the procedures are covered by the personal restraint petition rules, RAP 16.3–16.15.[19] In the *superior court,* however, such proceedings still employ traditional habeas corpus terminology and the procedures are primarily those prescribed by statute, RCW 7.36.

Reversed.

PEARSON, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied January 15, 1988.

---

[18]Const. art. 4, § 4 and RAP 16.3(c) (Supreme Court); Const. art. 4, § 30(2), RCW 7.36.040 and RAP 16.3(c) (Court of Appeals); Const. art. 4, § 6 (amend. 65) (superior court). *See Holt,* at 845 n.1.

[19]*In re Brown,* at 854.