74 P.3d 1194 (2003)
150 Wash.2d 71
In the Matter of the Personal Restraint Petition of Richard Garrett TURAY, Petitioner.
No. 73255-8.
Supreme Court of Washington, En Banc.
Argued March 13, 2003.
Decided August 21, 2003.
*1196 Law Offices of Sheryl Gordon McCloud, Sheryl McCloud, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Brooke Elizabeth Burbank, David Hackett, Seattle, for Respondent.
*1195 MADSEN, J.
Richard Garrett Turay has filed a personal restraint petition challenging his civil commitment as a sexually violent predator. This personal restraint petition, his third, was filed in the Court of Appeals well over one year from the time of his commitment, thus raising the issue whether RCW 10.73.090's one-year time limit for filing a personal restraint petition applies. We hold that the one-year time limitation applies under RCW 7.36.130, which incorporates the time allowed in RCW 10.73.090. We also reject Turay's claim that there has been a significant change in the law bringing him within an exception to the one-year limitation. Finally, we conclude that Turay has filed, at best, a "mixed petition" that must be dismissed without consideration of other issues.

FACTS
Mr. Turay was committed as a sexually violent predator pursuant to chapter 71.09 RCW. He has a history of convictions of sexually violent crimes, including third degree rape in 1977, second degree rape in 1979, and second degree rape in 1985. He was released on parole for the 1985 conviction in October 1989. Parole was revoked in 1990 when Turay was found guilty of committing fourth degree assault on a woman flight attendant staying in a hotel, and of failing to submit to a polygraph.
On December 15, 1993, while Turay was incarcerated following parole revocation, the King County Prosecutor petitioned for Turay's commitment as a sexually violent predator. The petition did not allege that Turay had committed a "recent overt act," i.e., an act that either caused harm of a sexually violent nature or created a reasonable apprehension of such harm.
Following Turay's trial, the court instructed the jury that to find Turay to be a sexually violent predator, the State had to prove that Turay had been convicted of a crime of sexual violence, specifically, rape in the second degree, and that he suffered from a mental abnormality that makes him likely to engage in predatory acts of sexual violence. The jury was not instructed that the State had to prove that Turay committed a "recent overt act." The jury returned a verdict finding Turay to be a sexually violent predator, and determined that a less restrictive treatment option was not in the best interests of the public. Accordingly, on October 19, 1994, the court ordered Turay committed as a sexually violent predator.
Turay challenged his commitment by both appeal and personal restraint petition, which this court consolidated. In re Det. of Turay, 139 Wash.2d 379, 415-22, 986 P.2d 790 (1999), cert. denied, 531 U.S. 1125, 121 S.Ct. 880, 148 L.Ed.2d 789 (2001). The court affirmed the commitment order. Turay filed a second personal restraint petition in this court. That petition was dismissed on September 7, 2001. On May 3, 2002, Turay filed this third personal restraint petition in the Court of Appeals, chiefly claiming that his detention is unlawful because the State did not allege and prove a recent overt act establishing his present dangerousness. The Court of Appeals transferred the petition to this court. Turay's motion for appointment of counsel to represent him at public expense was granted. The parties were directed to file additional supplemental briefs addressing whether the time limitation in RCW *1197 10.73.090 applies to preclude consideration of Turay's petition.

ANALYSIS
The first issue is whether RCW 10.73.090 applies to this case. RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." (Emphasis added.) RCW 10.73.100 lists exceptions to the one-year rule. Turay maintains, correctly, that a sexually violent predator proceeding under chapter 71.09 RCW is a civil, not a criminal case. See In re Det. of Young, 122 Wash.2d 1, 18-25, 857 P.2d 989 (1993); In re Pers. Restraint of Turay, 139 Wash.2d at 415, 986 P.2d 790; accord Seling v. Young, 531 U.S. 250, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001). Consequently, the time limit in RCW 10.73.090 does not directly apply to Turay's personal restraint petition.
We agree with the State, however, that a one-year time bar applies under RCW 7.36.130. RCW 7.36.130 is one of the statutes pertaining to habeas corpus, and it states in part that "[n]o court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge the party when the term of commitment has not expired" unless "the petition is filed within the time allowed by RCW 10.73.090 and 10.73.100." RCW 7.36.130(1) Conspicuously, RCW 7.36.130 incorporates only the "time allowed" in RCW 10.73.090; it does not incorporate RCW 10.73.090 in its entirety, i.e., it does not incorporate that part of RCW 10.73.090 limiting its application to criminal cases.
We note that the legislature has expressly provided in RCW 71.09.080, concerning the rights of persons committed under the sexually violent predators laws, that nothing in chapter 71.09 "prohibits a person presently committed from exercising a right available to him or her for the purpose of obtaining release from confinement, including the right to petition for a writ of habeas corpus." RCW 71.09.080(4).
Turay argues, however, that the habeas corpus statutes do not apply because he filed a personal restraint petition. He urges that his petition is governed by RAP 16.4, which incorporates RCW 10.73.090 in its entirety, including the statute's limitation to criminal cases. See RAP 16.4(d).
This argument reflects a misunderstanding of the appellate courts' jurisdiction over habeas corpus petitions and the function of the rules of appellate procedure. Turning first to the Court of Appeals, that court's jurisdiction "shall be as provided by statute or by rules authorized by statute." Const. art. IV, § 30(2); see In re Pers. Restraint of Johnson, 131 Wash.2d 558, 565, 933 P.2d 1019 (1997). In 1969, the legislature enacted RCW 2.06.030. This statute generally implements the constitutional provision by directing that "the court shall have exclusive appellate jurisdiction in all cases except" and then lists types of cases not relevant here. RCW 2.06.030. The statute does not, however, address original jurisdiction to hear and decide petitions for writs of habeas corpus (or personal restraint petitions). In 1971, the legislature amended RCW 7.36.040 to provide the Court of Appeals with jurisdiction in habeas corpus matters. Laws of 1971, ch. 81, § 31. This court has held that RCW 7.36.040 is a "constitutional and fully effective grant of original habeas corpus jurisdiction to the court of appeals." Holt v. Morris, 84 Wash.2d 841, 845 n. 1, 529 P.2d 1081 (1974), overruled in part on other grounds by Wright v. Morris, 85 Wash.2d 899, 540 P.2d 893 (1975); see Johnson, 131 Wash.2d at 565, 933 P.2d 1019. There are no other statutes granting such jurisdiction to the Court of Appeals, nor any statutes authorizing this court to establish any such jurisdiction by rule. See State v. Pascal, 108 Wash.2d 125, 131, 736 P.2d 1065 (1987) (noting the absence of any statute granting to any forum the authority to confine the jurisdiction of the Court of Appeals through rule-making power). The Court of Appeals itself has recognized that its original jurisdiction over an application for a writ of habeas corpus is derived from a reading of article IV, section 30, RCW 2.06.030, and RCW *1198 7.36.040.[1]In re Habeas Corpus of Olson, 12 Wash.App. 682, 685, 531 P.2d 508 (1975); see 3 Lewis H. Orland & Karl B. Tegland, Washington Practice: Rules Practice RAP 16.3 (5th ed.1998).
This court's jurisdiction of habeas corpus procedures, in contrast, is provided for in article IV, section 4 of the Washington State Constitution and is rooted in a long common law history that includes early expression in the Magna Charta. See Toliver v. Olsen, 109 Wash.2d 607, 609-10, 746 P.2d 809 (1987); Honore v. Wash. State Bd. of Prison Terms & Paroles, 77 Wash.2d 660, 663, 466 P.2d 485 (1970). Indeed, a statutory grant of jurisdiction over habeas corpus proceedings to the Supreme Court existed in Washington territorial days, preceding adoption of the state constitution; that statement of jurisdiction finds continued expression in RCW 7.36.040. See In re Rafferty, 1 Wash. 382, 25 P. 465 (1890).
Although the sources of jurisdiction over habeas corpus proceedings are different for the Court of Appeals and this court, the two courts nevertheless have concurrent jurisdiction over habeas corpus proceedings, along with the superior courts. Toliver, 109 Wash.2d at 613, 746 P.2d 809. However, in the appellate courts the proceeding is denominated a "personal restraint petition" and procedures are covered by the rules of appellate procedure governing personal restraint petitions. Id.[2] RAP 16.3(a) provides that RAP 16.3 through 16.15 and RAP 16.24 through 16.27 "establish a single procedure for original proceedings in the appellate court to obtain relief formerly available by a petition for writ of habeas corpus ...." (Emphasis added.) The procedure established in the rules "supersedes the appellate procedure formerly available for a petition for writ of habeas corpus" in the Court of Appeals and the Supreme Court. Id.
Thus, whether filed in the Court of Appeals as a petition for a writ of habeas corpus or as a personal restraint petition, the single procedure of RAP 16.3 through 16.15 and RAP 16.24 through 16.27 applies and the petition is treated as a personal restraint petition. RAP 16.3(a); Toliver, 109 Wash.2d at 611-13, 746 P.2d 809. That Turay filed a "personal restraint petition" in the Court of Appeals rather than a "habeas corpus petition" is thus irrelevant.
Turay reasons, as noted, that RAP 16.4(d) incorporates RCW 10.73.090 and RCW 10.73.100 in their entirety, and therefore, by virtue of this procedural rule, the one-year limitation applies only in criminal cases. As explained, the procedures established in RAP 16.4 are applicable to petitions filed in the Court of Appeals as well as this court, and initially it appears that Turay makes a valid point. RAP 16.4(d) states in part that an appellate court will only grant relief "if such relief may be granted under RCW 10.73.090,.100, and .130." RCW 10.73.090 is plainly incorporated by RAP 16.4(d) in its entirety, including the restriction to criminal cases, unlike the case in RCW 7.36.130, which only incorporates the time period itself and the exceptions.
However, in the end Turay's argument must be rejected. Assuming, without deciding, that the time limits in RCW 7.36.130[3] and RAP 16.4(d) (through its incorporation of RCW 10.73.090 and .100) are procedural, the statute prevails under the circumstances here. In general a procedural rule of this court supersedes statutes governing procedure in the Court of Appeals and this court. See Const. art. IV, § 30(5); RCW 2.06.030; RAP 1.1(g); RCW 2.04.190.200. *1199 We have repeatedly held, however, that where a court rule and a procedural statute are inconsistent, the court rule governs, but the court will make every effort to harmonize apparent conflicts and where the two may be harmonized, the statute will be given effect.[4]E.g., State v. Blilie, 132 Wash.2d 484, 491, 939 P.2d 691 (1997); State v. Blank, 131 Wash.2d 230, 250-51, 930 P.2d 1213 (1997) (finding no conflict between RCW 10.73.160 and RAP 15.2(e)); Nearing v. Golden State Foods Corp., 114 Wash.2d 817, 821, 792 P.2d 500 (1990); see State v. Murphy, 35 Wash. App. 658, 664, 669 P.2d 891 (1983) (finding no conflict between RCW 13.40.230 and RAP 18.13). "`[A]n interpretation which gives effect to both provisions is the preferred interpretation.'" Murphy, 35 Wash.App. at 664, 669 P.2d 891 (quoting Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981)).[5]
Here, the rule and the statute may be harmonized. The time limit in RAP 16.4(d) applies to criminal cases. The time limit in RCW 7.36.130 applies to all petitions under chapter 7.36 RCW. Each of the provisions can be applied without any infringement on the otherin all criminal cases under both the rule and the statute the same one-year time limit and exceptions apply, and in other cases under the statute the one-year bar and exceptions apply. Nothing in RAP 16.4(d) precludes an additional provision, whether in a rule or statute, that imposes a time limit in noncriminal cases. We add that this is true whether the petition is originally filed in the Court of Appeals or in this court. The same rules of procedure apply in both courts, and the same analysis applies respecting RCW 7.36.130.
We hold, pursuant to RCW 7.36.130, that a personal restraint petition filed in the Court of Appeals or this court challenging commitment as a sexually violent predator is subject to the one-year time limitation allowed under RCW 10.73.090.
Turay contends, however, that he was not provided notice of the one-year time limitation. He argues that to preserve the constitutionality of RCW 10.73.090, this court must conclude that it does not apply to those civilly committed under the sexually violent predator statutes. He maintains that if RCW 10.73.090 is held to apply, the failure of the legislature to assure that notice of the time bar be given to this group will deny equal protection of the laws.[6] Turay relies on In re Personal Restraint of Bratz, 101 Wash. App. 662, 669-70, 5 P.3d 759 (2000), where the Court of Appeals held that RCW 10.73.090 violates equal protection as applied to those who are committed following acquittals by reason of insanity for whom, unlike the case of convicted felons subject to the time bar, there is no requirement that notice of the time limitation be provided.[7]
We need not construe RCW 10.73.090 as Turay urges to avoid unconstitutionality since we conclude that by its terms RCW 10.73.090 itself does not apply to personal restraint petitions filed by those committed under the sexually violent predator statutes. RCW 7.36.130, which does apply, does not *1200 require that notice be given, nor does any other statute.
This does not mean individuals subject to the time limitation are without notice. Notice of the time limits is provided by the statute itself, RCW 7.36.130.
Turay also contends that the one-year time bar does not apply in his case because it applies only to a judgment that is valid on its face. RCW 10.73.090. He contends that the "charging" instrument in his case, the State's petition for his commitment as a sexually violent predator, fails to allege a recent overt act and is therefore fatally defective. He maintains that as a result, his "judgment" is not valid on its face.
Initially, we conclude that the time limitation adopted in RCW 7.36.130 includes the requirement in RCW 10.73.090 that it be applied to a judgment that is valid on its face. Where a judgment and sentence in a criminal case is invalid on its face, there is no limit on the time allowed to file a personal restraint petition under RCW 10.73.090. Thus, under RCW 7.36.130, which incorporates the "time allowed by" RCW 10.73.090, there is also no limit on the time allowed in which to file a habeas corpus petition challenging a judgment that is invalid on its face. Therefore, if Mr. Turay establishes that his order of commitment was invalid on its face, the one-year time limitation does not apply.
However, he has failed to show invalidity within the meaning of the statute. In In re Personal Restraint of Hemenway, 147 Wash.2d 529, 55 P.3d 615 (2002), we noted that the relevant question in a criminal case is whether the judgment and sentence is valid on its face, not whether related documents, such as plea agreements, are valid on their face. Such documents may be relevant to the question whether a judgment is valid on its face, but only if they disclose facial invalidity in the judgment and sentence itself. 147 Wash.2d at 533, 55 P.3d 615. Accordingly, in the present context the relevant question is not whether the petition for commitment was valid, but rather whether Turay has identified a defect in the "judgment" that is disclosed by the petition. He has not. He has at most identified in the petition a failure of the State to allege all the requirements for his commitment as a sexually violent predator.
Turay next maintains that if the one-year time bar applies, exceptions to the time requirement apply in his case. As noted, RCW 7.36.130 adopts the exceptions listed in RCW 10.73.100. Turay first contends that the time bar does not apply because "[t]here has been a significant change in the law, whether substantive or procedural, which is material to the ... order entered in a ... civil proceeding" and the changed legal standard is retroactive. RCW 10.73.100(6). He argues that this court's decision in In re Detention of Albrecht, 147 Wash.2d 1, 51 P.3d 73 (2002) constitutes a significant change in the law regarding the State's obligation to prove a recent overt act under the due process clause.[8] He maintains that Albrecht overturned in part the decision in In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000), which was based on the decision in In re the Personal Restraint Petition of Young, 122 Wash.2d 1, 857 P.2d 989 (1993).
One way in which a significant change in the law occurs is "where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue...." In re Pers. Restraint of Greening, 141 Wash.2d 687, 697, 9 P.3d 206 (2000). An appellate decision that settles a point of law without overturning prior precedent is not such a case, and, of course, if the intervening opinion simply applies settled law to new facts, it does not constitute a significant change in the law. See Greening, 141 Wash.2d at 696, 9 P.3d 206 (citing State v. Olivera-Avila, 89 Wash.App. 313, 316, 949 P.2d 824 (1997)).
Upon examining the relevant cases, it is apparent that Albrecht does not constitute a significant change in the law. A person *1201 must be both mentally ill and presently dangerous in order for a civil commitment to be constitutional under the due process clause. In re Pers. Restraint Petition of Young, 122 Wash.2d 1, 41, 857 P.2d 989 (1993) (citing Addington v. Texas, 441 U.S. 418, 426, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979); Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992)); Albrecht, 147 Wash.2d at 7-8, 51 P.3d 73. As a matter of due process, therefore, the State must allege and prove a recent overt act that caused harm or created a reasonable apprehension of dangerousness whenever the individual is not incarcerated at the time a petition for commitment as a sexually violent petitioner is filed. Young, 122 Wash.2d at 27, 857 P.2d 989. Where the individual is incarcerated prior to commitment, however, a requirement of a recent overt act would be impossible to meet. Therefore, no evidence of a recent overt act is required when the individual is so incarcerated because due process does not require that the absurd be done before a compelling state interest may be vindicated. Id. In response to Young, the legislature enacted legislation codifying the recent overt act requirement. Laws of 1995, ch. 216, § 3.
In In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000), the court was faced with two cases where persons found to be sexually violent predators were released into the community after their sexually violent offenses, but before incarceration on those offenses. In one of the cases, the individual was released pending appeal. In the other, the individual was released pending sentencing. In both cases, the individuals were incarcerated for their sex offenses at the time the State filed sexually violent predator petitions. This court concluded, in accord with Young, that no showing of a recent overt act was required under the due process clause because the individuals were incarcerated for their violent sex offenses at the time the petitions for commitment were filed: "We simply hold that when, at the time the petition is filed, an individual is incarcerated for a sexually violent offense, or for an act that itself would have constituted a recent overt act, due process does not require the State to prove a further overt act occurred between arrest and release from incarceration." Henrickson, 140 Wash.2d at 697, 2 P.3d 473. The court also found no violation of the statutory recent overt act requirement.
Albrecht, the next relevant case, involved different factual circumstances. The petitioner had served that part of his sentence calling for incarceration and was released on community placement. He then violated the conditions of community placement, and was incarcerated as a result. While he was in total confinement for violating the conditions of community placement the State petitioned for his commitment as a sexually violent predator, but did not prove a recent overt act. This court found no statutory violation because the petitioner was in total confinement at the time the petition was filed. However, the court held that where the individual is in total confinement due to violations of community placement at the time a sexually violent predator petition is filed, due process requires the State allege and prove a recent overt act.
Turay believes that his situation is like that of the individual in Albrecht, i.e., that his incarceration due to parole violations puts him in a legally equivalent position to the individual in Albrecht. He maintains that Albrecht significantly changed the law by partially overturning Henrickson.[9]
We disagree. From the time Young was decided, which occurred before Turay's commitment, he has clearly been able to argue the necessity of the State alleging and proving a recent overt act. The constitutional principle established in Young that such proof of current dangerousness is unnecessary only when the individual is incarcerated for a violent sexual offense or an act that itself constitutes a recent overt act has remained unchanged through Henrickson and Albrecht. Each of the latter cases simply involved application of the constitutional principle established in Young (and the statutory *1202 corollary enacted subsequent to Young) to new fact situations. As to Albrecht itself, it did not alter the holding in Henrickson, as this court expressly noted when it decided Albrecht. Albrecht, 147 Wash.2d at 11 n. 11, 51 P.3d 73. Rather than altering the rule of law that proof of a recent overt act is not required when the individual is in total confinement on the violent sex offense itself, the court simply held that when the individual is instead in total confinement for violating conditions of community placement after completing his or her period of incarceration on the violent sex offense and being released, the State must allege and prove a recent overt act in order to meet due process concerns.
Since Albrecht does not constitute a significant change in the law, as Turay claims, he has not established that the exception in RCW 10.73.100(6), adopted in RCW 7.36.130, applies.
Turay next claims that other exceptions in RCW 10.73.100 apply to excuse the late filing of his petition. However, since we have already determined that one of his claims does not fall within an exception in RCW 10.73.100, his petition must be dismissed. Where one or more of the grounds asserted for relief fall within the exceptions in RCW 10.73.100 and one or more do not, then the petition is a "mixed petition" that must be dismissed. In re Pers. Restraint of Hankerson, 149 Wash.2d at 697, 702-03, 72 P.3d 703 (2003); In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 349, 5 P.3d 1240 (2000); see RCW 10.73.100 ("[t]he time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds ..." (emphasis added)). Therefore, once the court determines that any one of the claims raised do not fall within an exception, the petition must be dismissed without any further consideration. Hankerson, 149 Wash.2d at 702-03, 72 P.3d 703. The court will not advise as to which claims are time barred and which are not, nor will the court decide claims under RCW 10.73.100 that are not time barred. Id.
Turay has filed, at best, a mixed petition that must be dismissed.
Finally, we comment on the correct course of action when a personal restraint petition is filed in the Court of Appeals under circumstances like those in this case. As noted, that court transferred Turay's personal restraint petition to this court. It did so pursuant to RCW 10.73.140 and In re Personal Restraint of Perkins, 143 Wash.2d 261, 263, 19 P.3d 1027 (2001). RCW 10.73.140 provides that if a person has filed a previous personal restraint petition, "the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." Turay did not comply with RCW 10.73.140 because he did not satisfy the "good cause" requirement. In accord with the analysis in Johnson, 131 Wash.2d 558, 933 P.2d 1019, and RCW 2.06.030, this court in Perkins held that the Court of Appeals retains the power to transfer a petition raising new grounds for relief to this court where the "good cause" requirement of RCW 10.73.140 has not been met. Perkins, 143 Wash.2d at 266-67, 19 P.3d 1027.
However, in Perkins, the petition was not time barred because it fell within the excessive sentence exception in RCW 10.73.100(5). Perkins, 143 Wash.2d at 263, 19 P.3d 1027. Here, in contrast, Turay's petition is time barred, for the reasons addressed above. Thus, this case presents a different question: What is the proper action for the Court of Appeals to take where a personal restraint petition is untimely under RCW 7.36.130 and is also a successive petition pursuant to RCW 10.73.140 that the Court of Appeals has no authority to consider on the merits? We hold that in these circumstances the Court of Appeals must dismiss the petition as time barred rather than transfer it to this court.
Because we dismiss the personal restraint petition on the basis that it is time barred, we do not reach other issues raised by the State.
Turay's personal restraint petition is dismissed.
*1203 ALEXANDER, C.J. and JOHNSON, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.
SANDERS, J., dissenting.
Richard Turay was imprisoned in 1994 under chapter 71.09 RCW as a sexually violent predator. Turay filed the subject personal restraint petition in 2002 and we must decide whether this challenge to his commitment is untimely under RCW 10.73.090, which imposes a one year limitation on the collateral attack of convictions. The majority finds that the one year limitation applies and the petition is therefore untimely. But obviously RCW 10.73.090 applies only to criminal cases and has no relevance to a personal restraint petition challenging a civil commitment. Moreover the State is required by In re Detention of Albrecht to plead and prove a "recent overt act." 147 Wash.2d 1, 51 P.3d 73 (2002). But here the State failed to do so and therefore Turay must be released.
The majority argues a one year limit applies to Turay's petition because of Washington's habeas corpus law which states in part:
No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge the party when the term of commitment has not expired, in either of the cases following:
(1) Upon any process issued on any final judgment of a court of competent jurisdiction except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated and the petition is filed within the time allowed by RCW 10.73.090 and 10.73.100.

RCW 7.36.130 (emphasis added). The majority argues that the one year limitation applies because of the reference to RCW 10.73.090 in RCW 7.36.130(1) (RCW 10.73.100(1)-(6) are merely exceptions to RCW 10.73.090). Majority at 1199-1200. This argument goes precisely nowhere because RCW 10.73.090(1) only provides for a one year limitation on collateral attack of criminal convictions:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
(Emphasis added.)
Were the language not clear enough for a child to read, legislative history also demonstrates that the intent of the one year limitation was that it apply to criminal cases only, and the majority even concedes this. Majority at 1196-1197. Both RCW 10.73.090 and the reference to it in RCW 7.36.130(1) were enacted in the same act. Laws of 1989, ch. 395. The act's title declared it to be an act "[r]elating to criminal procedure; amending RCW 7.36.130; adding new sections to chapter 10.73 RCW; and creating new sections." Id. The Final Bill Report on Substitute House Bill 1071 was captioned: "Regarding collateral attacks on convictions." Final Legislative Report, 51st Leg., at 17 (Wash. 1989). The final bill report summarized the legislature's intent: "The law governing personal restraint petitions is amended to restrict a convicted person's right to file personal restraint petitions." Id. (emphasis added). Both the title and the report tell us the legislature intended only to apply the time limit to collateral attacks on convictions.
In addition the majority's holding cannot be reconciled with our decision in In re Detention of Young, 122 Wash.2d 1, 857 P.2d 989 (1993). In that seminal case we held that neither double jeopardy nor ex post facto rights were violated by indefinitely confining a sex offender after he served a punitive prison sentence. Id. at 18, 857 P.2d 989. We have held the commitment of sexually violent predators under chapter 71.09 RCW passes constitutional muster only because such commitment is deemed civil rather than criminal. Young, 122 Wash.2d at 19, 857 P.2d 989. Nonetheless the majority imposes on Turay a time bar that clearly applies to criminal proceedings. Logically the majority cannot have it both ways. If this is a criminal proceeding the whole statute is unconstitutional. If it is civil, the one year time bar for criminal convictions cannot apply. But *1204 the majority now arbitrarily chooses to impose a criminal standard on civil commitment.
Because Turay's personal restraint petition is not subject to RCW 10.73.090, it is not necessary to comment on whether there has been a significant change in the law bringing Turay within a statutory exception to that one year bar. RCW 10.73.100. Nor is it necessary to discuss whether Turay filed a "mixed petition," as that is also only relevant for petitions subject to RCW 10.73.090. Since Turay's petition is not time barred, we must now determine whether there is merit to Turay's substantive argument.
Turay argues that the State was required by In re Detention of Albrecht to prove a "recent overt act." See Personal Restraint Pet. at 2, In re Pers. Restraint Petition of Turay, No. 48950-0-I (Wash.Ct.App. May 3, 2002); 147 Wash.2d 1, 51 P.3d 73. The State claims Albrecht does not apply. However, it is undisputed that the State neither pleaded nor proved to the jury that Turay had committed a recent overt act. See Clerk's Papers (CP) at 806 (Instruction 3); CP at 440 (In re PRP of Turay, Amended Pet. (No. 02-2-077990-3 SEA)).
Even though Turay was committed in 1994 and Albrecht was decided in 2002, retroactivity is not an issue where, as here, this court interpreted the meaning of a preexisting law. "The rule established by this court is that where a statute has been construed by the highest court of the state, the court's construction is deemed to be what the statute has meant since its enactment." State v. Moen, 129 Wash.2d 535, 538, 919 P.2d 69 (1996).
Albrecht requires the State to prove a "recent overt act" to commit a person who is incarcerated "where the State files a sexual predator petition on an offender (1) who has been released from confinement (2) but is incarcerated the day the petition is filed (3) on a charge that does not constitute a recent overt act." 147 Wash.2d at 11 n. 11, 51 P.3d 73.
Turay had been released from confinement but was later incarcerated the day the petition was filed because his parole was revoked. CP at 3-4. The parole revocation was based on claims Turay had failed to submit to a polygraph and that he had committed a fourth degree assault. These charges do not necessarily constitute a recent overt act; however, Albrecht held, "[a]n individual who has recently been free in the community and is subsequently incarcerated for an act that would not in itself qualify as an overt act cannot necessarily be said to be currently dangerous." 147 Wash.2d at 11, 51 P.3d 73. This is crucial because due process requires proof of dangerousness to justify commitment. See Young, 122 Wash.2d at 27, 857 P.2d 989 (citing Addington v. Texas, 441 U.S. 418, 426, 99 S.Ct. 1804, 1809-10, 60 L.Ed.2d 323 (1979); Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992)).
Certainly a fourth degree assault could amount to a recent overt act, but clearly also an act amounting to fourth degree assault need not amount to a recent overt act. Just as a violation of community placement, as discussed in Albrecht, could fall short of being an overt act, so too an assault could fall short of being an overt act. See Albrecht, 147 Wash.2d at 11, 51 P.3d 73. Since the State did not allege or prove a "recent overt act" to the jury at trial, there was no showing of dangerousness and Albrecht and Young require reversal. Albrecht, 147 Wash.2d at 11 & n. 11, 51 P.3d 73; Young, 122 Wash.2d at 59-60, 857 P.2d 989.
In sum the one year time bar for bringing a personal restraint petition applies only to criminal convictions. Turay challenges a civil commitment and therefore is not procedurally barred from bringing his claim. The State failed to prove Turay committed a "recent overt act" before committing him as a sexually violent predator under chapter 71.09 RCW. Under our holding in Albrecht the State's failure results in the lack of a necessary element of proof to justify commitment. The commitment must be reversed and Turay must be released.
NOTES
[1] The court also referred to former CAROA (Court of Appeals Rules on Appeal) 56. RAP 16.3(c) now states that "[t]he Supreme Court and the Court of Appeals have original concurrent jurisdiction in personal restraint proceedings...."
[2] The state constitution provides that the administration and procedures of the Court of Appeals shall be as provided by rules issued by the Supreme Court. Const. art. IV, § 30(5); see RCW 2.06.030 (implementing this constitutional provision). In contrast, habeas corpus proceedings in superior court are not governed by the rules of appellate procedure. RAP 16.3(b).
[3] The time limit at issue is that in RCW 7.36.130, not RCW 10.73.090. RCW 10.73.090 does not apply directly to this case because this case is not a criminal case, as explained. RCW 7.36.130 incorporates the one-year time period in RCW 10.73.090 and the exceptions RCW 10.73.100, but does not incorporate RCW 10.73.090 in its entirety, unlike RAP 16.4(d).
[4] Here, we assume, without deciding, that the time limits in RCW 7.36.130 and RAP 16.4(d) are procedural. It may be necessary to decide this question in the future, for example, if the court considers adopting a rule with a different time limit. In this regard, we observe that giving effect to a statutory rule of procedure that does not conflict with any present procedural rule of this court does not in any way preclude this court from later adopting a rule governing the particular matter. If this court does adopt a rule, and the statute and the new rule conflict, the procedural rule will prevail.
[5] RAP 18.22 lists some statutes that have been superseded by rule. The list includes RCW 7.36.040. Insofar as procedures are concerned, the Rules of Appellate Procedure supersede any conflicting procedures set out in the statute. See RAP 18.22(b). However, the rules cannot, and do not, supersede the legislature's grant of jurisdiction in the statute to the Court of Appeals over habeas corpus matters.
[6] RCW 10.73.110 provides for notice by the trial court of the time limitation and exceptions in RCW 10.73.090 and .100 at the time of a judgment and sentence in a criminal case, and RCW 10.73.120 required the Department of Corrections to attempt to provide notice to those who, on July 23, 1989, were serving terms of incarceration, probation, parole, or community supervision pursuant to a felony conviction.
[7] The correctness of the court's analysis in Bratz is not before us.
[8] Prior to the decision in In re Detention of Albrecht, 147 Wash.2d 1, 51 P.3d 73 (2002), Turay relied on In re Personal Restraint of Davis, 109 Wash.App. 734, 37 P.3d 325 (2002). Albrecht involves the same question and holding as Davis, and thus the parties have shifted the focus to Albrecht.
[9] The State contends, however, that when an individual is incarcerated following revocation of parole, he or she is re-incarcerated for the violent sex offense, and therefore Turay's case is unlike that of the petitioner in Albrecht.