**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54182-3-II |
| Respondent, | |
| v. | |
| CLIFF MAYNARD, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, A.C.J. — Cliff Maynard appeals the trial court's order dismissing his Writ of Error Coram Nobis. The State concedes that the dismissal was an error. We accept the State's concession, vacate the trial court's order, and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

FACTS

On July 18, 2018, Maynard was sentenced following a guilty plea he entered as part of a global resolution of charges in Kitsap and Cowlitz Counties. The Cowlitz County court imposed 77 months of confinement to run concurrently with the Kitsap County charges, and ordered that Maynard receive credit for time served under only the Cowlitz County counts. The court ordered the jail to compute time served.

On July 8, 2019, Maynard filed a Writ of Error Coram Nobis pro se, arguing that because his guilty plea was based on a global resolution, he was entitled to credit for time served for the counts from both counties. Maynard argued that the Department of Corrections (DOC) had not credited him with that total, and he asked that the court order DOC to correct the number of days

No. 53952-7-II

he served.

The superior court denied Maynard's motion, stating, "This appears to the court to be an administrative issue that may be better handled via administrative appeal." Clerk's Papers (CP) at 42. Maynard appeals.

ANALYSIS

Maynard argues that the trial court's order denying his motion should be vacated and the case remanded because the trial court failed to comply with CrR 7.8(c)(2)'s requirements. The State concedes that the trial court erred. We accept the State's concession.

CrR 7.8(c)(2) applies to writ petitions filed in the superior court that seek post-conviction relief, "if not directly then by analogy." *Toliver v. Olsen*, 109 Wn.2d 607, 612-13, 746 P.2d 809 (1987). CrR 7.8(c)(2) establishes the procedure for addressing CrR 7.8 motions:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Accordingly, the trial court may rule on the merits of a CrR 7.8 motion only when the motion is timely filed and either "(a) the defendant makes a substantial showing that he is entitled to relief, or (b) the motion cannot be resolved without a factual hearing." *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If these prerequisites are absent, the trial court must transfer the motion to the Court of Appeals for consideration as a personal restraint petition. *Smith*, 144 Wn. App. at 863.

Here, the trial court denied Maynard's motion by claiming it "may be better handled via administrative appeal." CP at 42. Under CrR 7.8(c)(2), the trial court did not have the authority

2

to decide the motion and, instead, was required to follow the procedures under that rule. Accordingly, the trial court erred. We accept the State's concession.

CONCLUSION

We vacate the trial court's order and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, A.C.J._

SUTTON, A.C.J.

We concur:

_Glasgow, J._

GLASGOW, J.

_Veljacic, J._

VELJACIC, J.