**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| JOHN GARRETT SMITH, | No. 56563-3-II |
| Appellant, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION TO PUBLISH |
| J.C. MILLER, | |
| Respondent. | |

Respondent J.C. Miller moves to publish the opinion filed January 31, 2023 in this case and appellant Smith moves for reconsideration. Upon consideration, the court denies the motion for reconsideration and grants the motion to publish. Accordingly, it is

**SO ORDERED.**

**PANEL:** Jj. Glasgow, Che, Birk[1]

**FOR THE COURT**:

_____
BIRK, J.

---

[1] Judge Birk is serving in Division II of this court pursuant to RCW 2.06.040.

Filed
Washington State
Court of Appeals
Division Two

January 31, 2023

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN GARRETT SMITH, | No. 56563-3-II |
| Petitioner, | |
| v. | DIVISION TWO |
| J.C. MILLER, | UNPUBLISHED OPINION |
| Respondent. | |

BIRK, J.[2] – John Garrett Smith appeals the superior court's dismissal of his habeas corpus petition. Because Smith's habeas corpus petition is a collateral attack, the superior court must follow the procedures set forth in CrR 7.8. Because, in this setting, the superior court should not have reached the merits of Smith's petition, the order dismissing the habeas corpus petition is vacated, and this matter is remanded to the superior court for further action.

I

After a bench trial, the trial court convicted Smith of attempted second degree murder and second degree assault. Smith's convictions arose from a 2013 attack on his wife that left her with severe injuries. *State v. Smith*, 189 Wn.2d 655, 657, 405 P.3d 997 (2017). Smith appealed. *State v. Smith*, 196 Wn. App. 224, 230, 382 P.3d 721 (2016), *rev'd*, *Smith*, 189 Wn.2d at 667. The Court of Appeals upheld his second degree assault conviction but reversed his attempted second degree murder conviction. *Id.* at 239. Our

---

[2] Judge Birk is serving in Division II of this court pursuant to RCW 2.06.040.

No. 56563-3-II/3

Supreme Court reversed and reinstated the attempted murder conviction. *Smith*, 189 Wn.2d at 667. The matter became final on October 2018 after the United States Supreme Court denied certiorari. *Smith v. Washington*, 139 S. Ct. 324, 202 L. Ed. 2d 227 (2018). Smith then filed numerous petitions for collateral relief both in state and federal courts.

In June 2021, Smith filed a habeas corpus petition in Clark County Superior Court against J.C. Miller, superintendent of the corrections center where Smith is incarcerated. Smith alleged that the superior court did not have subject matter jurisdiction over his criminal prosecution. Smith based this argument on a claim that the amended information in the original prosecution was not accompanied by a further judicial finding of probable cause. As courts ruled in both Smith's state personal restraint petition (PRP) and his federal habeas corpus petition, Washington law recognizes no such requirement.

Miller responded that the petition should be dismissed or, in the alternative, transferred to the Court of Appeals under CrR 7.8. During the hearing on Smith's petition, Smith also referenced CrR 7.8. However, instead of transferring the matter to this court, the superior court dismissed the petition, concluding that the petition was time barred, successive under RCW 10.73.140, and raised matters that were precluded under principles of claim and issue preclusion. Smith appeals.

II

A collateral attack on a criminal judgment and sentence is subject to specific procedural rules. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021). Collateral attacks filed in superior court are governed by CrR 7.8. A habeas corpus petition is considered a collateral attack. RCW 10.73.090(2). CrR 7.8 "applies to habeas corpus

3

No. 56563-3-II/4

petitions filed in the superior court which seek postconviction relief, if not directly then by analogy." *Toliver v. Olsen*, 109 Wn.2d 607, 612-13, 746 P.2d 809 (1987).

CrR 7.8(c)(2) requires the superior court to transfer a collateral attack to this court for consideration as a PRP " 'unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that [they are] entitled to relief or (ii) resolution of the motion will require a factual hearing.' " *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008) (quoting CrR 7.8(c)). It is mandatory for a superior court to transfer an untimely collateral attack to this court without reaching the merits. *Molnar*, 198 Wn.2d at 509.

If the superior court fails to comply with CrR 7.8(c)(2), the proper recourse is to remand the matter for the superior court to consider the CrR 7.8(c)(2) criteria and to follow the proper procedures. *In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 642, 362 P.3d 758 (2015). As our Supreme Court has emphasized, "[W]e must reiterate how important it is for superior courts to process motions for postconviction relief in accordance with CrR 7.8(c)." *Molnar*, 198 Wn.2d at 521.

Here, the superior court determined that Smith's challenge to his judgment and sentence was time barred, i.e., that the challenge *was* barred by RCW 10.73.090. Once the court made that determination, the court was foreclosed from reaching the merits under CrR 7.8 and was required to transfer the motion to the Court of Appeals as a PRP under CrR 7.8(c)(2).

Smith attempts to avoid this conclusion on the ground that he challenges the subject matter jurisdiction of the court in which he was convicted, thus, he says, bringing his

4

No. 56563-3-II/5

petition within the scope of the constitutionally preserved writ of habeas corpus and within the exceptions to RCW 10.73.090. *Cf. Molnar*, 198 Wn.2d at 509 ("Molnar did not assert that any statutory exception to the one-year time limit applied."); *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013) (analyzing condition that judgment and sentence be "valid on its face"); *Toliver*, 109 Wn.2d at 611 ("[T]he personal restraint rules do not affect the habeas corpus jurisdiction of superior courts, even in postconviction review cases such as this one."). But Smith's claim is not cognizable as a challenge to subject matter jurisdiction notwithstanding his attaching that label to it.

Washington decisions have declined to entertain such challenges outside of the PRP framework when based on alleged errors that do not relate to the issue of subject matter jurisdiction. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008) ("[W]hile the one-year time limit on collateral attack does not apply to sentences in excess of the court's jurisdiction, a sentence is not jurisdictionally defective merely because it is in violation of a statute or is based on a misinterpretation of a statute."); *State v. Dorenbos*, 113 Wn. App. 494, 497, 60 P.3d 1213 (2002) ("A restitution order entered beyond 60 days is merely voidable, not void for lack of jurisdiction."); *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201, 963 P.2d 903 (1998) ("We reject Vehlewald's argument that an incorrect offender score calculation, based on an erroneous same criminal conduct finding, implicates the jurisdiction of the trial court."). Accordingly, Smith's challenge was required to be construed as a PRP, was subject to RCW 10.73.090, and was subject to CrR 7.8.

No. 56563-3-II/6

III

We vacate the order dismissing Smith's habeas corpus petition, and remand to the superior court with instructions to construe Smith's petition as a PRP and transfer it to the Court of Appeals pursuant to CrR 7.8(c)(2).[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BIRK, J.

WE CONCUR:

_____                    _____
GLASGOW, CJ                                                              CHE, J.

---

[3] Smith filed a statement of additional grounds for review raising issues involving the probable cause affidavit and the amount of his bail. Based on our disposition of this matter, we do not reach these issues.