[Nos. 15571-7-I; 17554-8-I.   Division One.   August 24, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK EURY MOTT, *Appellant.*

*In the Matter of the Personal Restraint of*
JACK EURY MOTT, *Petitioner.*

*C. M. Hassenstab* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

WEBSTER, J.—Jack Eury Mott presents two matters for this court's consideration. The first is his direct appeal from a trial court order denying his motion to amend and dismissing a personal restraint petition (PRP) that had been remanded to the trial court for a determination on the merits. Consolidated with the direct appeal is the second of two PRP's that Mott has filed. In his second PRP Mott challenges the validity of a 1978 guilty plea. He argues that the plea is invalid because, when it was entered, he was unaware of his right to remain silent and of the legal defenses available to him. We affirm the trial court's dismissal of Mott's first PRP and remand his second PRP for a determination on the merits.

### FACTS RELATING TO MOTT'S DIRECT APPEAL

Pursuant to a plea bargain agreement, Mott pleaded guilty in 1978 to second degree murder. In 1983 he filed a pro se PRP in which the sole ground for relief alleged was that the State had breached the plea bargain agreement. The acting chief judge referred Mott's petition to the superior court for a determination on the merits pursuant to RAP 16.11(a). According to the chief judge's order of remand, the meritorious issues presented were the "terms of the plea bargain agreement, whether the plea bargain agreement had been breached, and, if so, what relief should be granted petitioner." Following a trial court hearing, Mott's petition was denied. Mott does not appeal from the manner in which the trial court disposed of the issues listed in the order of remand.

Rather, Mott appeals from the trial court's refusal to consider issues raised for the first time during the course of the trial court hearing. These new issues were raised when Mott's appointed counsel filed in the superior court both a

motion for leave to amend the original PRP and a proposed amended PRP. Holding that the superior court lacked jurisdiction to consider the amendment to the PRP, the trial judge reached none of the merits of the newly raised issues. Mott now appeals from the order dismissing his amended PRP.

### JURISDICTION OF SUPERIOR COURTS TO CONSIDER AMENDMENTS TO PRP's

All of the issues that Mott sought to amend to his first PRP are also raised in his second PRP. Therefore, our decision to remand Mott's second PRP for a determination on the merits renders moot the issues raised in Mott's direct appeal.

We will consider a moot issue only if it involves matters of continuing and substantial public interest. *In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983). The criteria to be considered in determining whether a moot issue involves a substantial public interest are: (1) the public or private nature of the question presented; (2) the desirability of an authoritative determination that will provide future guidance to public officers; and (3) the likelihood that the problem will recur. *Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984). Applying these criteria, we find that Mott's appeal presents a question of substantial public interest.

Original jurisdiction in PRP proceedings lies concurrently in the Supreme Court and the Court of Appeals. RAP 16.3(c). However, parties are encouraged to make their petitions in the Court of Appeals. *See* RAP 16.3(c), 16.5(b). Ordinarily the Supreme Court will exercise its jurisdiction by transferring PRP's filed there to the Court of Appeals. RAP 16.3(c).

The rules describe the procedure for the evaluation of PRP's at the appellate court level. The PRP will initially be considered by the chief judge or acting chief judge, who will either (1) dismiss the petition as frivolous, (2) refer the petition to a panel of judges for a determination on the

merits, or (3) transfer the petition for a determination on the merits or for a reference hearing. RAP 16.11(a), (b).

■ Allowing a petitioner to amend a PRP following a transfer to superior court would allow him to bypass the initial Court of Appeals screening, thus defeating the purpose for which the PRP process was developed. The PRP process and its predecessor process, spelled out in CrR 7.7 (now rescinded), were intended to provide a

> more expeditious, single, comprehensive system for post–conviction review designed to avoid technicalities and delay and to focus attention promptly and directly on the merits or lack of merits presented in petitions for post–conviction relief.

*Holt v. Morris,* 84 Wn.2d 841, 844–45, 529 P.2d 1081 (1974), *overruled in part on other grounds in Wright v. Morris,* 85 Wn.2d 899, 540 P.2d 893 (1975). The procedure for handling a PRP supersedes the appellate procedure formerly available for a petition for writ of habeas corpus and for an application for post–conviction relief. RAP 16.3(b); *see also* former ROA I–56; CAROA 56; CrR 7.7. Thus, the court in *Holt* dismissed a petition for writ of habeas corpus filed in the Supreme Court, concluding that post–conviction collateral attacks on guilty pleas should be processed under the procedures in CrR 7.7. *Holt,* at 849.

Recently, in *Toliver v. Olsen,* 47 Wn. App. 304, 734 P.2d 937, *review granted,* 108 Wn.2d 1016 (1987), we extended the reasoning of *Holt* one step further. We held in *Toliver* that, prior to filing a petition for a writ of habeas corpus in superior court, one seeking post–conviction collateral relief must first pursue the remedy provided by a PRP. *Toliver,* at 308. Because the petitioner in *Toliver* did not file a PRP, or in the alternative show that a PRP would not provide adequate relief, we held that his superior court habeas petition should have been dismissed. *Toliver,* at 306, 308 n.3. Allowing Mott to raise issues at the trial court level without first raising them to the Court of Appeals would, in effect, allow him to do that which was held improper in *Toliver.*

We therefore conclude that the trial court's ruling was correct: the superior courts of this state are without jurisdiction to consider issues that are properly the subject of PRP's *unless* those issues have first been presented in a PRP filed with the appropriate appellate court or, in the alternative, it has been shown that a PRP would provide inadequate relief.

The remainder of this opinion, having no precedential value, will be filed for public record in accordance with the rules governing unpublished opinions. *See* RCW 2.06.040.

COLEMAN and GROSSE, JJ., concur.