[No. 17374-3-II.   Division Two.   May 1, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. LEOBARDO DURAN-DAVILA, *Appellant*.

*John A. Hays,* for appellant.

*James J. Stonier, Prosecuting Attorney,* and *Melanie P. Romo, Deputy,* for respondent.

SEINFELD, C.J. — Leobardo Duran-Davila appeals his conviction for involving Kristy Woody, a juvenile, in a transaction to sell cocaine. At trial, the court conversed on the telephone with a juvenile court clerk about Woody's juvenile court files. It then took judicial notice of Woody's age. We

conclude that this evidence was inadmissible hearsay and that the State failed to prove an element of the crime, that Woody was under the age of 18. Thus we reverse. We affirm Duran-Davila's second conviction for possessing cocaine with intent to deliver.

## FACTS

The Cowlitz-Wahkiakum County Narcotics Task Force conducted a sting operation at a Longview motel in May 1993. Police informant James Maloney acted as the "seller" of cocaine.

Duran-Davila and his female companion, Kristy Woody, met with Maloney in a motel room. When the police entered the room at Maloney's signal, they arrested Duran-Davila and Woody. The police seized a plastic baggie of cocaine and $210 in cash.

The State charged Duran-Davila with two felonies: (1) possession with intent to deliver a controlled substance (cocaine), RCW 69.50.401(a);[1] and (2) involving a person under age 18 in a transaction to sell a controlled substance (cocaine), RCW 69.50.401(f).[2]

At trial, Maloney testified that he sold a bag of cocaine to Duran-Davila and Woody, interacting with both during the negotiation and sale. While defense counsel was cross-examining Maloney, Maloney volunteered the following information without objection:

DEFENSE COUNSEL: You admitted to using [drugs] once. And you informed Detective Hamilton of this use?

MALONEY: Yes. I put it in a report form and I brought it to the attention of all the Task Force members. I was subject to a polygraph examination.

DEFENSE COUNSEL : Okay. Well, you've answered my question.

During Officer Andrew Hamilton's examination, the State sought to establish Woody's age at the time of the drug

---

[1]RCW 69.50.401(a) provides: "[I]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

[2]RCW 69.50.401(f) provides:

"It is unlawful to compensate, threaten, solicit, or in any other manner involve a person under the age of eighteen years in a transaction unlawfully to manufacture, sell, or deliver a controlled substance. A violation of this subsection shall be punished as a class C felony punishable in accordance with RCW 9A.20.021."

transaction. The defense objected on hearsay grounds to testimony that Woody told Hamilton her age. Trying a different approach, the State questioned Hamilton about a juvenile court proceeding involving Woody. Again defense counsel objected, stating "[h]earsay without a proper court document".

At this point, the trial judge excused the jury and used the telephone at the bench to call the juvenile court clerk's office. A worker there apparently verified that Woody was the subject of a juvenile court case. The trial court then stated on the record:

> COURT: Well, I will find, taking judicial notice of the juvenile court files relating to Kristy Jo Woody, that it was found and established in the juvenile court proceedings here in Cowlitz County, Washington, that she was a minor under age of eighteen years of age. A remand hearing was held, but she was not remanded to superior court and she was prosecuted in juvenile court and plead guilty to offenses and on June 15, 1993, I think the court will be able, on the basis of that record, take judicial notice of the fact that her age is under eighteen and the witness may so testify regarding his knowledge of that fact.

The court then allowed Officer Hamilton to continue his testimony. Hamilton explained that by attending Woody's juvenile court hearing and by reviewing her juvenile court booking sheet (which listed her birth date), he had determined that Woody was under the age of 18 at the time of the alleged drug transaction.

The jury found Duran-Davila guilty as charged. The court ordered the sentences on the two counts to run concurrently.

## ANALYSIS

### Sufficiency of the Evidence

Duran-Davila claims that the State failed to present substantial evidence to support his conviction on the charge of involving a minor in a controlled substance transaction. In particular, he challenges the sufficiency of the evidence that (1) Woody was under 18 years of age and (2) he involved Woody in drug dealing.

█ A conviction not supported by sufficient evidence violates the constitutional right to due process. *Seattle v. Slack,*

113 Wn.2d 850, 859, 784 P.2d 494 (1989). Evidence is sufficient to support a criminal conviction if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). "A claim of insufficiency admits the truth of all of the State's evidence and all inferences that can be drawn therefrom." *State v. Pacheco*, 70 Wn. App. 27, 38-39, 851 P.2d 734 (1993), *rev'd in part*, 125 Wn.2d 150, 882 P.2d 183 (1994).

The evidence that Woody was under age 18 at the time of the offense came from Officer Hamilton. After the trial court took judicial notice of Woody's juvenile court files and "of the fact that her age is under eighteen", it permitted Officer Hamilton to testify that he had attended Woody's juvenile court hearing and had seen her birth date on her booking sheet.

The critical question, then, is whether the trial court properly admitted Hamilton's testimony and, if so, whether it was sufficient to establish Woody's age. Hamilton first stated that he attended Woody's remand hearing in juvenile court. Duran-Davila's objection to this testimony on hearsay grounds lacks merit. Hamilton merely was describing what he observed — that Woody appeared in juvenile court. This was not an out of court statement "offered in evidence to prove the truth of the matter asserted", and, thus, was not hearsay. *State v. Rice*, 120 Wn.2d 549, 564, 844 P.2d 416 (1993); ER 801(c).

However, Hamilton also testified regarding the date of birth listed on Woody's booking sheet. This declaration by a nonwitness, offered to prove Woody's correct age, clearly was inadmissible hearsay, unless subject to an exception to the hearsay rule. ER 803; ER 804. The State fails to suggest any exception; rather, it relies exclusively on the trial court's judicial notice of Woody's age. Thus, we assume no exception applies.[3]

---

[3]This evidence might have been admissible if the State had laid the proper foundation under one or more of the following exceptions: ER 803(a)(19), Reputa-

ER 201 governs the taking of judicial notice. It provides, in part:

> (b) **Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Although the trial court stated it was taking judicial notice of Woody's age, it did not so instruct the jury. Instead, it used this judicial notice as its reason for deciding that Hamilton's testimony was admissible.

A court generally may take judicial notice of court records in the same case. *Swak v. Department of Labor & Indus.*, 40 Wn.2d 51, 53, 240 P.2d 560 (1952). The pre-ER 201 case law in this state held that a trial court could not take judicial notice of "records of other independent and separate judicial proceedings even though they be between the same parties. The record, though public, must be proved." *Swak,* 40 Wn.2d at 54. *See also* 5 Karl B. Tegland, Wash. Prac., *Evidence Law* § 46, at 116-17 (3d ed. 1989) (citing *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962)).

Commentators have criticized this limitation and a number of federal decisions have approved taking judicial notice of records in other cases. Edward W. Cleary, *McCormick on Evidence* § 330 (3d ed. 1984), *cited in* 5 Tegland, *supra,* at 116; *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980); *United States v. Gordon,* 634 F.2d 639, 642 (1st Cir. 1980). However, even those courts adopting the more lenient approach generally limit judicial notice to the existence of certain items in the record, such as the fact that the record contains a judgment. 5 Tegland, *supra,* § 47. They do not allow judicial notice of facts, otherwise disputed, that are mentioned in documents within the record, such as whether a defendant was negligent. *Holloway v. Lockhart,* 813 F.2d 874, 879 (8th Cir. 1987). *But see In re Ward,* 22 Wn. App.

tion Concerning Personal or Family History; RCW 5.45, Uniform Business Records as Evidence Act; or RCW 5.44.040, certified copies of public records. Further, if Woody was unavailable to testify and if she was the source of the information on the booking sheet, the evidence might have been admissible under ER 804(b)(4).

774, 776, 592 P.2d 661 (1979) (in determining jurisdiction, juvenile court may take judicial notice of statement of juvenile's age contained in its own file).

■ Here, the trial court erred in taking judicial notice of the existence of Woody's juvenile court files without having viewed the actual file. *See also* ER 1001 *et seq.*, "best evidence rule". It also erred in taking judicial notice of Woody's age as contained in those files, and in relying on its judicial notice to admit Hamilton's otherwise inadmissible hearsay testimony.

The trial judge consulted with a clerk who consulted the juvenile court record and reported her findings to the judge. The information in the juvenile court record was hearsay and the clerk's description of the record was double hearsay. Although the juvenile record was not before the court, the court relied on it to decide an issue of disputed fact, Woody's age. This disputed fact was an element of the criminal offense at issue. As Woody's age was neither "generally known within the territorial jurisdiction" nor "capable of accurate and ready determination by resort to sources" of unquestionable accuracy, it was not an appropriate fact for judicial notice. ER 201(b).

The only remaining evidence as to Woody's age was Hamilton's testimony about seeing Woody at a remand hearing. This evidence, alone, was insufficient to prove beyond a reasonable doubt that Woody was under 18 years old at the time of the offense.

Thus, the State failed to prove an element of the charge of involving a person under the age of 18 in a controlled substance transaction. As we reverse Duran-Davila's conviction on that count, we need not address his double jeopardy claim or other contentions related solely to this charge.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WIGGINS and FLEISHER, JJ., concur.