135 P.3d 991 (2006)
STATE of Washington, Respondent,
v.
David Lloyd MECKELSON, Appellant.
No. 23868-7-III.
Court of Appeals of Washington, Division 3.
June 6, 2006.
Kevin M. Korsmo, Andrew J. Metts, III, Attorneys at Law, Spokane, WA, for Respondent.
Susan M. Gasch, Attorney at Law, Spokane, WA, for Appellant.
SWEENEY, C.J.
¶ 1 A criminal defendant receives constitutionally ineffective assistance of counsel where no legitimate strategic or tactical explanation can be found for a particular trial decision. State v. Rainey, 107 Wash.App. 129, 135-36, 28 P.3d 10 (2001) (citing State v. McFarland, 127 Wash.2d 322, 336, 899 P.2d 1251 (1995)). Failure to bring a plausible motion to suppress potentially unlawfully obtained evidence is one such decision. Rainey, *992 107 Wash.App. at 136, 28 P.3d 10. David Lloyd Meckelson's defense lawyer failed to pursue a plausible challenge to the lawfulness of a traffic stop that led to Mr. Meckelson's arrest. We agree that this was ineffective assistance of counsel and reverse the conviction.

FACTS
¶ 2 Spokane Police Sergeant Brad Thoma was on patrol duty on May 18, 2004. He was driving east on Mission at around 6:00 p.m., when he pulled alongside a car. The car was traveling at between 25 and 30 miles an hour and was being driven normally. Sergeant Thoma was not pursuing the car. But "[i]t's my job to be observant and look for crime out on the street. And, so, I observed other drivers and their reactions." Report of Proceedings (RP) (Feb. 8, 2005) at 111.
¶ 3 The two cars were within 100 feet of the intersection at Mission and Crestline. As Sergeant Thoma pulled alongside the car, he saw the driver turn and look at him. Sergeant Thoma thought the driver looked alarmed, with a "deer-in-the-headlight" look. RP (Feb. 8, 2005) at 90, 112. Sergeant Thoma wondered if the driver might be nervous because the car was stolen. He dropped behind the car in order to check the registration to see if the driver had a suspended license. As Sergeant Thoma was slowing down, the other driver suddenly turned right onto Crestline. Sergeant Thoma did not see a turn signal, so he pulled the driver over for failing to signal 100 feet before turning.
¶ 4 As the car pulled over the Sergeant could see the passenger, Mr. Meckelson, reaching toward the floor. Mr. Meckelson's hands were still under the seat when Sergeant Thoma approached the driver's side. He instructed Mr. Meckelson to put his hands up. Mr. Meckelson appeared nervous. Sergeant Thoma decided to remove Mr. Meckelson from the car for officer safety. As he opened the door, Sergeant Thoma saw two baggies containing a white crystalline substance on the floor. He eventually arrested Mr. Meckelson for possession of methamphetamine. Two more baggies turned up during the search incident to arrest.
¶ 5 Sergeant Thoma noticed a strong smell of solvents while searching the vehicle. He pulled a seat down and gained access to the trunk. He saw a propane tank, a cardboard box with some coffee filters, and Mason jars containing liquids that he believed to be components of a meth lab.
¶ 6 The State charged Mr. Meckelson with possession of methamphetamine, delivery of methamphetamine, and manufacture of methamphetamine.
¶ 7 Mr. Meckelson moved to suppress the drugs. He claimed that the grounds alleged by Sergeant Thoma for stopping the car were pretextual. Defense counsel and the State agreed to stipulate to the facts in the police report and the affidavit of probable cause. Mr. Meckelson requested an evidentiary hearing to challenge some of the facts. The court denied the request for an evidentiary hearing. The court also denied the motion to suppress. The judge told Mr. Meckelson that he could argue the constitutional merits of the search and seizure at his trial and the jury would decide.
¶ 8 The case was tried to a jury. Mr. Meckelson was acquitted of delivery and manufacture of methamphetamine, but was convicted of possession.

DISCUSSION
¶ 9 Mr. Meckelson contends his trial counsel was ineffective for failing to challenge the grounds Sergeant Thoma alleged for the stop. He contends the evidence should have been suppressed because the real reason for the stop was not a minor traffic violation but rather the constitutionally insufficient ground of a funny look.

INEFFECTIVE ASSISTANCE
¶ 10 Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Strickland v. Washington, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When reviewing the denial of a suppression motion, we first decide whether substantial evidence supports the findings of fact. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999); State v. Hill, 123 Wash.2d 641, 644, 647, 870 P.2d *993 313 (1994). We then review de novo the trial court's conclusions of law. Mendez, 137 Wash.2d at 214, 970 P.2d 722.
¶ 11 In evaluating alleged ineffective assistance of counsel, we apply the two-prong Strickland test. The appellant must show (1) that his lawyer's performance fell below an objective standard of reasonableness considering all the circumstances; and (2) that there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; McFarland, 127 Wash.2d at 334-35, 899 P.2d 1251.
¶ 12 As to the first Strickland prong, we will conclude that counsel's representation is ineffective if we can find no legitimate strategic or tactical reason for a particular trial decision. Rainey, 107 Wash. App. at 135-36, 28 P.3d 10; McFarland, 127 Wash.2d at 336, 899 P.2d 1251. Failure to bring a plausible motion to suppress is deemed ineffective if it appears that a motion would likely have been successful if brought. Rainey, 107 Wash.App. at 136, 28 P.3d 10.
¶ 13 Mr. Meckelson's trial lawyer misapprehended the principle set out in State v. Ladson and its proper application in this case. State v. Ladson, 138 Wash.2d 343, 979 P.2d 833 (1999). The question before the court is not whether Sergeant Thoma had the right to stop the car in which Mr. Meckelson was a passenger for a minor traffic infraction (failure to signal for 100 feet before an intersection). He did. RCW 46.61.021(1). The question is whether Sergeant Thoma would have done so but for the legally insufficient reason that he thought the driver looked at him funny when he pulled alongside the car. This in turn led him to conclude that both the driver and passenger must be up to no good. Mr. Meckelson's lawyer rendered ineffective assistance of counsel by failing to argue that the stop was pretextual.

PRETEXT
¶ 14 Whether a vehicle stop is pretextual is a factually nuanced question. The court must consider the totality of the circumstances. The relevant circumstances include the subjective intent of the officer as well as the objective reasonableness of the stop. Ladson, 138 Wash.2d at 358-59, 979 P.2d 833; State v. Myers, 117 Wash.App. 93, 97, 69 P.3d 367 (2003). This necessarily involves an inquiry into the officer's subjective intent. So the necessary inquiry here was: Was the officer's stop solely for the driver's failure to signal, or was the officer's purpose (as he candidly suggests) to look for evidence of another crime? See Ladson, 138 Wash.2d at 351, 979 P.2d 833. It is not enough for the State to show that there was a traffic violation. The question is whether the traffic violation was the real reason for the stop. Id. at 358-59, 979 P.2d 833.
¶ 15 Mr. Meckelson's lawyer walked away from this inquiry:
I recognize Officer Thoma. I know he has been a law enforcement officer for many years, and as an officer of the court I don't challenge his representations as made in the police report that he smelled solvents, nor do I challenge his representations that a traffic infraction occurred justifying a stop.
It's not my intent to move the Court as Mr. Meckelson's attorney to make a finding that the officer lied in this case making a stop of the car and the seizure unlawful.
RP (Jan. 27, 2005) at 3.
¶ 16 These comments suggest a misapprehension of the Supreme Court's holding in Ladson. Sergeant Thoma became suspicious because the driver was alarmed not because of any driving conduct:
I think it's my job that, if people give me a reason to believe they're alarmed for some reason that the police are around, to further
RP (Feb. 8, 2005) at 119.
¶ 17 Moreover, one reason the court denied a fact-finding hearing on Mr. Meckelson's motion to suppress was the court's thought that a jury was the appropriate body to make those findings of fact. The judge suggested that Mr. Meckelson could address the pretext issue at trial. And indeed he attempted to. If the court had suppressed the drug evidence, there would have been no trial. And the court would have suppressed the *994 evidence if it had concluded that the stop was pretextual. Ladson, 138 Wash.2d at 359, 979 P.2d 833.
¶ 18 And the jury would never pass upon the question of whether the officer's subjective motivation for the stop was the minor traffic offensean offense for which the driver here was never cited. The reason for the stop leading to arrest was not an element of any crime the State had to prove here. Once suppression was denied, therefore, and the drugs were admitted into evidence, the suppression issue was moot. This is why CrR 3.6 calls for a pretrial proceeding.
¶ 19 Defense counsel's job here was to represent Mr. Meckelson's interests, and that included challenging the officer's subjective reason for the stop. Sergeant Thoma was never given the opportunity to testify whether he would have stopped this car but for his inchoate and legally unsupportable suspicions. And, even if the officer had testified that he would have stopped the car for failure to signal, it would have been up to the judge to believe or disbelieve that testimony.
¶ 20 The suppression ruling stands and falls on its own merits, based upon the evidence before the suppression judge, not what is later developed at trial. Ladson, 138 Wash.2d at 350, 979 P.2d 833 (stop must be justified at its inception). The possession of methamphetamine charge would have been dismissed without the drug evidence. Counsel's ineffective assistance here was, then, prejudicial. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 21 We reverse and remand for an evidentiary suppression hearing on the question whether Sergeant Thoma's stop of this vehicle was pretextual.
WE CONCUR: SCHULTHEIS and KATO, JJ.