# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46957-0-II |
| Respondent, | |
| v. | |
| STEVEN CRAIG POWELL, | PUBLISHED OPINION |
| Appellant. | |

LEE, J. — Steven Craig Powell appeals from a trial court order finding Powell violated his community custody. He argues that compelling him to disclose his sexual history in the course of sexual deviancy treatment imposed by the court violates his Fifth Amendment right against self-incrimination. We hold that once Powell invokes his Fifth Amendment right against self-incrimination, compelling him to disclose his sexual history during sexual deviancy treatment imposed as a part of his criminal sentence is a Fifth Amendment violation. Therefore, we reverse and vacate the trial court's order.

## FACTS

In 2012, Powell was convicted of 12 counts of voyeurism, and the trial court sentenced him to 30 months of confinement and 30 months of community custody.[1] Powell was released in

---

[1] Powell appealed his conviction. We affirmed the conviction and reinstated a previously dismissed charge of possession of depictions of a minor engaged in sexually explicit conduct. On

March 2014.  The terms of Powell's community custody required him to complete a sexual deviancy treatment program and follow all conditions imposed by the sexual deviancy treatment provider.[2]

After meeting with his sexual deviancy treatment provider, Powell refused to sign the "psychosexual evaluation agreement documents."[3]  Clerk's Papers (CP) at 77.  Powell also refused to complete the psychosexual evaluation and disclose his sexual history, asserting his Fifth Amendment rights.  On October 20, 2014, the State filed a notice of a hearing for Powell's violation of community custody.

At the violation hearing, Powell claimed that, based on *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), the trial court could not find that he violated his community custody conditions for refusing to complete the psychosexual evaluation and disclose his sexual history unless the State granted him immunity.  Powell argued that, without a grant of immunity, his Fifth Amendment rights protected him from disclosing his likely incriminating sexual history.  Powell acknowledged that he would be required to provide his sexual history if the State were to grant him immunity.

---

October 27, 2014, the State refiled the reinstated charge of second degree possession of depictions of minor engaged in sexually explicit conduct.

[2] We note that this case presents a condition imposed by the court as part of the defendant's criminal sentence; we do not address the circumstance where the defendant agrees to a condition of community custody.

[3] The documents include: "a Disclosure of Rights, Release of Information and Agreement to Participate in the Evaluation."  CP at 77.

The State represented that it "think[s]" Powell's counselor is a mandatory reporter and "would probably be obligated to report" a statement that exposed Powell to criminal liability. Report of Proceedings (RP) (Nov. 26, 2014) at 19.  However, the State responded that it would not extend immunity because "somebody could . . . admit to any level of horrible criminal activity, so we're not in a position to extend immunity."  RP (Nov. 26, 2014) at 24.

The trial court found that Powell violated the terms of his community custody for failing to complete the psychosexual evaluation, imposed 40 days in custody with credit for 30 days of time served, and ordered that he comply with the conditions of his community custody.  Powell appeals.

## ANALYSIS

Powell appeals the trial court's order imposing a 40 day sentence[4] for violating the terms of his community custody and ordering him to comply with the terms of his community custody. Specifically, Powell argues that the State violated his Fifth Amendment rights against compelled

---

[4] To the extent that Powell challenges the imposition of 40 days of confinement, that claim is moot because Powell has already served the 40 days confinement ordered. *State v. McClinton*, 186 Wn. App. 826, 829, 347 P.3d 889, *review denied*, 184 Wn.2d 1004 (2015) (holding a challenge to confinement for community custody violation moot because the appellant had already served the term of confinement).  Accordingly, we do not address a claim regarding the validity of the confinement. *See State v. Rainey*, 107 Wn. App. 129, 134, 28 P.3d 10 (2001) (holding that generally, the court does not address moot issues).  However, the community custody condition that requires Powell to participate in the psychosexual evaluation remains in effect.  Therefore, Powell's challenge to the order's requirement that he participate in psychosexual evaluation is not moot.

self-incrimination by requiring him to disclose his sexual history absent a grant of immunity from prosecution based on his disclosure and punishing him for his refusal to disclose.[5] We agree.

A.      LEGAL PRINCIPLES

We review alleged violations of the Fifth Amendment right against self-incrimination de novo. *Antelope*, 395 F.3d at 1133. The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, commands that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V.; *State v. King*, 130 Wn.2d 517, 523, 925 P.2d 606 (1996). The Fifth Amendment "not only permits a person to refuse to testify against himself at a criminal trial, but also allows him not to answer official questions put to him in any other proceeding, civil or criminal, where the answer might incriminate him in future criminal proceedings." *King*, 130 Wn.2d at 523-24. Powell's Fifth Amendment rights remain despite his conviction. *Antelope*, 395 F.3d at 1133; *see Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984) ("A defendant does not lose this protection by reason of his conviction of a crime"); *cf. King*, 130 Wn.2d at 524. The government unconstitutionally compels self-incrimination when it conditions supervised release "on compliance with a treatment program requiring full disclosure of past sexual misconduct, with no provision of immunity for disclosed conduct." *United States v. Bahr*, 730 F.3d 963, 966 (9th Cir. 2013); *accord Antelope*, 395 F.3d at 1133-39.

---

[5] Powell filed a statement of additional grounds (SAG). In his SAG, Powell makes two comments regarding the State's and superior court's comments at his violation hearing. His concerns in his SAG are within the scope of his opening brief, which is addressed in this opinion.

B.      THE FIFTH AMENDMENT

The Fifth Amendment analysis generally entails two considerations: "whether the defendant's statements exposed him to a 'realistic threat of self-incrimination' in a subsequent proceeding" and whether the State "has sought to 'impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself.'" *King*, 130 Wn.2d at 524; *Antelope*, 395 F.3d at 1135 (quoting *Lefkowitz v. Cunningham*, 431 U.S. 801, 805, 97 S. Ct. 2132, 53 L. Ed. 2d 1 (1977)). Powell's and the State's arguments both assume that the defendant's sexual history would expose him to a threat of self-incrimination and that the penalty imposed amounted to compulsion. We agree.

1.   Realistic Threat of Self-Incrimination

Powell asserts that we "may presume that [his] history would reveal other uncharged crimes." Br. of Appellant at 7 n.2. The State does not dispute Powell's assertion that he would incriminate himself if compelled to disclose his sexual history.

The Fifth Amendment privilege is properly invoked in the face of a realistic threat of self-incrimination. *Antelope*, 395 F.3d at 1134; *King*, 130 Wn.2d at 524. The Fifth Amendment privilege does not apply to unlikely or speculative threats. *Antelope*, 395 F.3d at 1134.

Based on Powell's refusal and the terms of his community custody, "it seems only fair to infer that his sexual [history] would, in fact, reveal past sex crimes." *Antelope*, 395 F.3d at 1134 (holding that the defendant's risk of incrimination was realistic because "[b]ased on the nature of this requirement and Antelope's steadfast refusal to comply, it seems only fair to infer that his sexual [history] would, in fact, reveal past sex crimes"). Therefore, Powell faces a realistic threat

of self-incrimination if he is compelled to reveal his sexual history in the course of court-imposed sexual deviancy treatment.

2. Penalty Imposed Amounted To Compulsion

A Fifth Amendment analysis also requires a determination of whether the government has imposed penalties so great as to compel testimony because a witness exercised his Fifth Amendment rights. *Antelope*, 395 F.3d at 1134-35; *see King*, 130 Wn.2d at 525.

> [T]he controlling issue is the state's purpose in imposing the penalty: Although it may be acceptable for the state to impose harsh penalties on defendants when it has legitimate reasons for doing so consistent with their conviction for their crimes of incarceration, it is a different thing to impose "penalties for the refusal to incriminate oneself that go beyond the criminal process and appear, starkly, as government attempts to compel testimony."

*Antelope*, 395 F.3d at 1137 (quoting *McKune v. Lile*, 536 U.S. 24, 53, 122 S. Ct. 2017, 153 L. Ed. 2d 47 (2002)).

In *Antelope*, the defendant pleaded guilty to possessing child pornography. As part of his probation, the defendant was required to participate in a sexual abuse treatment program, which required him to disclose his full sexual history, verified by a "full disclosure polygraph." *Antelope*, 395 F.3d at 1131. The defendant refused to disclose his full sexual history without "an assurance of immunity" from the State. *Antelope*, 395 F.3d at 1132. As a result, the district court revoked the defendant's probation and sentenced him to a term of confinement. *Antelope*, 395 F.3d at 1132. The court held that the State imposed penalties so great that they were an attempt to compel self-incriminating disclosures. *Antelope*, 395 F.3d at 1136.

Similarly here, the penalties were imposed in an effort to compel disclosures and as punishment for asserting his right to remain silent. Therefore, based on *Antelope*, we hold that the

penalties imposed constitute an attempt to compel Powell's disclosures in violation of his Fifth Amendment. *Antelope*, 395 F.3d at 1132, 1139.

Powell and the State agree that the relevant issue is whether the State can compel Powell to disclose incriminating sexual history absent immunity from the use of those disclosures in subsequent criminal proceedings.[6] And both Powell and the State agree that the State cannot compel disclosures of incriminating sexual history without granting him immunity from using those disclosures in subsequent criminal proceedings against him. We agree because the State cannot compel Powell to incriminate himself absent protections against future prosecution based on his disclosures. *See King*, 130 Wn.2d at 529 ("[T]he State may validly insist on answers to incriminating questions and properly administer its probation system so long as the State recognizes that the answers may not be used in a subsequent criminal proceeding."); *accord Antelope*, 395 F.3d at 1133-39.

The trial court ordered Powell to comply with sex offender treatment, which includes providing a full sexual history. Powell refused to provide a full sexual history on the basis of his Fifth Amendment right to not incriminate himself. At the violation hearing, Powell acknowledged that he would be required to provide his sexual history if the State were to grant him immunity. The State responded that it would not extend immunity. Based on Powell's refusal, which resulted in a violation of the terms of his community custody, the trial court sentenced him to a term of 40 days of confinement and ordered him to comply with the terms of his community custody, which includes sexual deviancy treatment. Thus, Powell's Fifth Amendment rights were violated when

---

[6] The State essentially concedes the issue on appeal because it ultimately agrees with Powell.

he was essentially ordered to disclose his sexual history, which the parties do not dispute would incriminate him. *See Bahr*, 730 F.3d at 966; *Antelope*, 395 F.3d at 1135.

We hold that once Powell invoked his Fifth Amendment right against self-incrimination, punishing him for asserting his right to remain silent and compelling him to disclose his sexual history in the course of sexual deviancy treatment imposed as part of his criminal sentence without immunity from future prosecution is a Fifth Amendment violation. We reverse and vacate the trial court's order.

Lee, J.

We concur:

Worswick, P.J.

Melnick, J.