

2016 APR 18 PM 12: 39

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73602-7-I |
| | ) | (consolidated with 73603-5-I |
| Respondent, | ) | 73604-3-I & 73605-1-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| NEIL GAURANG JHAVERI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 18, 2016 |
| | ) | |

BECKER, J. — Appellant Neil Jhaveri claims defense counsel provided ineffective assistance. We affirm.

Jhaveri pleaded guilty under four separate cause numbers to four drug charges. Two counts were for possessing a controlled substance; two counts were for possessing a controlled substance with intent to deliver. In exchange for the guilty plea, the State agreed not to file additional charges and to recommend a low-end standard range sentence of 20 months' confinement with an additional 12 months of community supervision. The trial court accepted the plea and sentenced Jhaveri in accordance with the State's recommendation.

Jhaveri first claims he received ineffective assistance with respect to two of the convictions: one count of possession and one count of possession with intent to deliver. As to these crimes, the affidavits of probable cause supply the only facts in the record.

The possession charge arose from an incident on March 25, 2014. Jhaveri was arrested for driving under the influence. An officer observed behavior by Jhaveri consistent with the use of heroin. A canine unit was called to assist. Outside the car, the dog alerted to the odor of narcotics. Police obtained a warrant to search the car and found Jhaveri's wallet and a chunk of tar heroin with a digital scale.

The charge of possession with intent to deliver arose from an incident on January 13, 2015. The same officer observed the occupants of two parked cars engaging in activity consistent with the sale of drugs. After one car left, the officer walked up to the other car. He recognized Jhaveri, who was the driver. Again, the officer observed signs that Jhaveri was using heroin. For example, a cut straw was on the console near the gearshift with one end melted as if used to smoke heroin. A canine unit was called to assist. Outside the car, the dog alerted to the odor of narcotics. The officer arrested Jhaveri and obtained a warrant to search the car. Inside, he found heroin, methamphetamine, and a digital scale and baggies.

Jhaveri claims that trial counsel was ineffective for failing to recognize that each charge was based on evidence produced by unlawful search and seizure. He contends both convictions should be reversed because of counsel's failure to advise him that the evidence could have been suppressed and the charges dismissed.

To establish that counsel was ineffective, Jhaveri must show that counsel's conduct was deficient and that the deficient performance resulted in prejudice.

2

State v. Nichols, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007). Courts engage in a strong presumption that representation was effective. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To establish deficient representation, Jhaveri must demonstrate that the representation fell below an objective standard of reasonableness based on all the circumstances. Nichols, 161 Wn.2d at 8. "The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the proceedings below." McFarland, 127 Wn.2d at 335.

The State argues that Jhaveri is essentially asking this court to assume that because he pleaded guilty, he must have been advised that the evidence was not subject to suppression. The State further argues that there is no basis for this assumption in the record. We agree. The record contains no information about how trial counsel evaluated the evidence, what conclusions he drew about the lawfulness of the searches, or what advice he gave Jhaveri. We cannot conclude on this record that counsel's performance was deficient.

The record is also insufficient to allow us to conclude that Jhaveri was prejudiced by the alleged failure of counsel to recognize a possible basis for suppression. "Prejudice is established if the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." Nichols, 161 Wn.2d at 8. The State agreed to drop other charges as part of the plea agreement. If the evidence had been suppressed for the two charges at issue, it is possible that

3

other charges would have taken their place, producing the same offender score for Jhaveri and the same sentence.

Also, an attorney who fails to bring a motion to suppress will be deemed ineffective only if it appears that the motion would have succeeded. State v. Meckelson, 133 Wn. App. 431, 436, 135 P.3d 991 (2006), review denied, 159 Wn.2d 1013 (2007). The record is inadequate to allow us to determine that motions to suppress would have been successful. The affidavits supporting the search warrants are not in the record. They may have contained information beyond what is in the affidavits of probable cause. And it is not clear that the motions to suppress would have been successful on the merits. Both searches were conducted pursuant to warrants, not as searches incident to arrest. Jhaveri claims that using a dog to sniff the exterior of a vehicle was an unlawful search, but this court has held that such a practice is not a search. State v. Hartzell, 156 Wn. App. 918, 929, 237 P.3d 928 (2010). For the first time in his reply brief, Jhaveri contends the warrants should never have been issued because they resulted from prolonged detentions that amount to illegal arrests. Again, the record is insufficient to permit evaluation of this claim. We conclude Jhaveri fails to establish prejudice.

Jhaveri's second claim of ineffective assistance is that trial counsel was responsible for the fact that Jhaveri did not receive a drug offender sentencing alternative. Jhaveri also characterizes this claim as a sentencing error by the trial court.

At sentencing, Jhaveri acknowledged that he had a drug problem, and he told the court he would like to be sentenced in a way that would allow him to get treatment and be monitored. The court explained that an alternative drug sentence would entail 20 months in custody and 20 months under community supervision. The court also explained that if Jhaveri violated the requirements of the alternative sentence, he could potentially serve all 40 months in confinement. At defense counsel's request, the court allowed a short recess. Afterwards, counsel informed the court that Jhaveri wanted to accept the State's recommendation of a straight 20 months with 12 months of community supervision. Jhaveri confirmed that was correct.

Jhaveri has not established that counsel's assistance in this matter was ineffective. Jhaveri contends that he "blindly" agreed with counsel to accept the straight time rather than the alternative sentence, but there is no information in the record that would allow this court to conclude Jhaveri was misled or coerced. To the contrary, after consulting with counsel, Jhaveri confirmed that he preferred a nontreatment standard range sentence. As the State argues, the doctrine of invited error prohibits a party from setting up an error in the trial court and then arguing that it should be reviewed on appeal. See In re Pers. Restraint of Breedlove, 138 Wn.2d 298, 312, 979 P.2d 417 (1999).

As a general rule, a trial judge's decision whether to grant a drug offender sentencing alternative is not reviewable. State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). "However, an offender may always challenge the

procedure by which a sentence was imposed." Grayson, 154 Wn.2d at 338.

Jhaveri has not established that the court committed procedural error.

Affirmed.

_Backer, J._

WE CONCUR:

_Trickey, A C J_

_____