**FILED**
**NOVEMBER 17, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33959-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD TODD LUDVIK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| JOSEFINE M. SMILEY | ) | |
| ROBERT W. THOMPSON | ) | |
| | ) | |
| Defendants. | ) | |

KORSMO, J. — Richard Todd Ludvik challenges his conviction for residential burglary. He argues that he received ineffective assistance of counsel both when his trial counsel failed to object to an officer's testimony about the crime and when his counsel failed to request an instruction on second degree burglary. In a statement of additional grounds (SAG), he challenges the sufficiency of the State's evidence for his burglary conviction. Finally, he preemptively asks this court not to impose appellate costs should he lose his appeal. We affirm, and a majority of the panel denies his request regarding costs.

FACTS

The underlying facts are not particularly relevant to the appeal and are otherwise known to the parties. Briefly, Spokane County deputies found Mr. Ludvik in an old, unoccupied house with antique doorknobs in his pocket and he was charged with residential burglary. At trial, the State elicited testimony from one of the deputies about the investigation. The deputy responded without objection that he delayed entering the residence because he thought they "were starting to investigate an active residential burglary," which can be dangerous. Report of Proceedings at 31. At the close of trial, Mr. Ludvik's counsel sought an instruction on the lesser included offense of trespass, but did not seek an instruction on second degree burglary. The jury found Mr. Ludvik guilty of residential burglary.

ANALYSIS

Well-settled principles of law govern this appeal. To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced him. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A defendant demonstrates deficient performance if counsel's conduct fell below an objective standard of reasonableness. *Id.* at 33. Prejudice occurs when the defendant can show with reasonable probability that, but for

counsel's deficient performance, the result of the proceedings would have been different. *Id.* at 34. A challenge to effective assistance of counsel is reviewed de novo. *State v. Rainey*, 107 Wn. App. 129, 135, 28 P.3d 10 (2001).

Because the presumption runs in favor of effective representation, the defendant must show the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel. *State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995). The presumption of effective representation can be overcome only by a showing of deficient representation based on the record of the proceedings. *Id.* Where the alleged error is failure to object to evidence, the defendant must show that the objection would have been sustained. *State v. Saunders*, 91 Wn. App. 575, 578, 958 P.2d 364 (1998).

Here, Mr. Ludvik cannot establish deficient performance. The failure to request a lesser included instruction can be reasonable trial strategy. *See Grier*, 171 Wn.2d at 42-43. The crimes of residential burglary and second degree burglary are both class B felonies. RCW 9A.52.025, .030. They are only one seriousness level apart, creating a six-month difference in the standard range for the two crimes. RCW 9.94A.515. Given the slight difference in punishment, Mr. Ludvik's counsel may have thought it was not worthwhile to have second degree burglary as an option when a trespass instruction also was given the jury. Under *Grier*, this was a reasonable trial strategy.

3

Regarding the deputy's testimony about investigating a "residential burglary," Mr. Ludvik again fails to demonstrate his counsel's failure to object constituted deficient performance. The deputy's testimony was benign. In context, he was merely explaining why he did what he did and not attempting to relay an opinion on guilt. It was reasonable for Mr. Ludvik's counsel not to object, and we are not persuaded that any objection would have been sustained. We find *State v. Quaale*, 182 Wn.2d 191, 340 P.3d 213 (2014) distinguishable because there context made clear the officer was relaying an opinion on the core issue of a disputed element. *Id.* at 200.

Finally, we reject Mr. Ludvik's SAG argument that insufficient evidence supports his conviction because there was no evidence that he had the intent to steal. In a sufficiency challenge, the court reads all inferences in favor of the State. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Here, a jury could reasonably infer from the fact that Mr. Ludvik had antique doorknobs in his pocket—an odd thing to have in one's pocket[1]—that he had the intent to steal items in the old house when he entered.

As noted previously, a majority of the panel rejects Mr. Ludvik's request to deny appellate costs.

---

[1] Though not a true riddle, Gollum certainly would not have guessed *antique doorknobs* had Mr. Ludvik asked him, "What have I got in my pocket?" J.R.R. TOLKIEN, THE HOBBIT 74 (1937).

No. 33959-9-III
*State v. Ludvik*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, A.C.J.

5